CASE 81—ACTION TO RECOVER TAXES—Oct. 11.

# City of Louisville v. Tatum, Embry & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    REVERSED.

TAXATION—PLACE OF ASSESSMENT OF PARTNERSHIP PROPERTY.

Held: It is proper to assess the personal property of a partnership at the place where the business is conducted, though some of the partners reside elsewhere.

HENRY L. STONE, CITY ATTORNEY, FOR APPELLANT.

This action was brought by appellant against appellee, August 7, 1899, on tax bills for 1894, 1895, 1896, 1897 and 1898, alleging that the appellees were, during said years, doing business in the city of Louisville as live stock commission merchants, under the firm name of Tatum, Embry & Co., and were the owners of personal property consisting of money, bonds, safe, office fixtures, furniture and other articles unknown to plaintiff, all located in said city and all subject to city taxation.

The appellees in their answer admit they were a firm engaged in the business as charged during the time aforesaid and say that the assets of said partnership consist only of promissory notes, due bills and open accounts payable to said firm for live stock consigned to appellees to be sold, and for money advanced to their patrons who are and were non-residents of said city and that two of the appellees do not reside within the corporate limits of said city, and that said property was illegally assessed by the city assessor and not listed by said firm.

Appellant contends that the answer constitutes no defense to the action. That the business of the firm being located in the city of Louisville, the situs of the personal property belonging to the firm is in the city, although two out of the three members of the firm reside outside of the city.

## AUTHORITIES CITED.

Meguiar v. Helm, 91 Ky., 29; Burroughs on Taxation, sec. 98, p. 225; Cooley on Taxation (2d ed.) p. 374; Desty on Taxation, vol. 1, sec. 19, p. 59, sec. 62, p. 298; Kentucky Statutes, 2783, 2980 2996; City of Louisville v. Johnson, 95

Ky., 254; Irwin v. N. O. & St. L. & C. R. R. Co., 94
Ill., 109; Selz v. Cagwin, 104 Ill., 647; Stockwell v. Inhabi-
tants of Brewer, 59 Me., 286; Mayor of Mobile v. Baldwin, 57
Ala., 68; Forst v. Parker, 34 N. J. L., 73; Taylor v. Love,
43 N. J. L., 142; Williams v. City of Saginaw, 51 Mich., 121.

JAMES E. GAITHER, ATTORNEY FOR APPELLEE.

1. "The situs of the personal property of a firm is fixed by the
   domicile of the individuals composing the firm." Lindley on
   Partnerships, sec. 110.
2. "The common law conception of a partnership was not in any
   way distinct or separate from the members that compose the
   partnership." Desty on Parties, 169.
3. Partnership property is usually listed and taxed where the
   parties live, though *if they live in the same town* it may be
   assessed either in the firm name or in the names of the
   individuals composing the firm." Am. & Eng., Ency., vol.
   17, page 918.
4. A statute that purports to reach only property within the city,
   can not extend to property that in law is beyond the city.
5. This statute does not purport to extend to property beyond the
   city limits. Taylor v. Love, 43 N. J. L., 142; Peabody v.
   Boston, 14 Allen, 366; Forst, &c., v. Parker, 24 N. J. L., 70; Peo-
   ples v. Commissioners, N. Y., 42; Kentucky Statutes, sec. 2980,
   3174.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

Clifton Tatum, Henry F. Embry, and G. W. Embry were
live stock commission merchants doing business in the city
of Louisville under the firm name of Tatum, Embry & Co.
The firm was the owner of personal property, consisting of
money, bonds, accounts, safe, office fixtures, and furniture.
One member of the firm resides in the city of Louisville,
but the other members reside outside the city. The city
assessor assessed the partnership property for taxation,
and the city is asserting its right to collect taxes for cer-
tain years. It is insisted by appellees that, as two of the
members of the firm do not reside within the corporate lim-
its of the city, the partnership property can not be as-
sessed for city taxation; that, as it is personal property,

each member of the firm should pay taxes on what his interest may be therein at the place of his domicile, and that the domicile for the purposes of taxation is the situs of his interest in the firm property. On the other hand, it is contended by the city that they conducted their business as a firm in the city; that firm assets are within the corporate limits of the city; that the property gets the protection and benefit of the laws of the city, and it should be taxed by the municipality as partnership property in the name of the firm. Partnerships, of course, are composed of individuals. The property belonging to them is the result of contributions made by the individuals engaging in the venture. It is held and used for a common purpose. It is liable to the payment of partnership demands. It can be sold under an execution against the partners to pay a partnership demand. If a member of the firm is financially involved, his interest in the firm can not be taken for his individual obligations to the prejudice of the firm creditors. The firm property is an aggregate of contributions set apart for certain purposes, protected by law against an invasion by individual members of the firm and their creditors. When a member contributes to produce the whole, he does not retain the thing contributed, but acquires an interest with his associates in the whole. He surrenders the individual control of the amount he contributed to that of the members of the firm. The personal property of the firm has an actual situs in Louisville, where the business was conducted. It has a visible and tangible existence. Two-thirds has been taken from the domicile of the owners, and an actual, permanent situs is fixed in Louisville. The character of the ownership in the property, as well as its situs, has been voluntarily changed. In doing this, the members of the firm living outside of the

city committed their property to the protection of the
municipal authorities, and at the same time made it lia-
ble to the payment of taxes to support the municipality.
As has been said, a firm, for the purposes of taxation, is
"a distinct entity." In many States the statutes provide
that the property of a firm shall be assessed in the firm
name. We do not think it necessary to have a statute
of that kind in order that a firm may be required to list
and pay taxes on the property in the name of the firm.
It can not be that, simply because some of the members
of the firm are domiciled outside of the corporate limits
of the city, the property belonging to it must be assessed
in the individual names of those comprising it according to
the value of the interest which each has therein. To show
that is true, then it must be shown that partnership prop-
erty should never be assessed in the name of the firm, but
the interest of each partner in the firm property in his
own name. It seems to us that it would be an anomalous
condition that the law would authorize the municipal au-
thorities to assess the property of a partnership in the
firm name when they all lived in the city, and would forbid
them from doing so when a member lived in the city and
two or more outside of its corporate limits. A municipal-
ity has a lien upon property for taxes due it. If a mem-
ber of a firm has assessed in his name his interest in firm
property, and fails to pay his taxes, and it becomes neces-
sary to seize and sell his property to pay them, the col-
lecting officer could not sell the firm property to pay the
taxes due by him, but only his interest in the firm prop-
erty. To thus assess partnership property would occasion
many complications, both in assessment of property and
collection of taxes. This court had under consideration, in
the case of Meguiar v. Helm, 91 Ky., 29 (12 R. 751) 14 S. W.,
952, the question as to the taxation of personal property be-

longing to a partnership. Among other things, it said: "It is not a proper mode of assessment to list each partner's capital or profit, and require each to pay on his individual account. . . . If a partnership, the firm, as such, must pay the taxes." It is said in Burroughs, Tax'n, p. 225, section 98: "For the purposes of taxation, a firm as a distinct entity, and not the individual members of it, is considered as the owner of its property, and it is to be assessed to the firm. The place of assessment of a firm is that where the business is conducted. Usually the statute so provides. Where the partners reside in different districts, but one of them resides where the business is conducted, it is assessable at the place of business of the firm." Cooley, Tax'n (2d Ed.) p. 374, says: "The property of a partnership is generally with much propriety required to be taxed at the place where the partnership business is carried on, and the like provision is made for other cases where one is conducting a business at a place other than that where he resides. It would be proper in such a case to make the assessment to the person in charge of the business, unless the statute gave other direction." 1 Desty, Tax'n, section 62, says: "A partnership firm is taxable on its property at the place where the business of the firm is conducted, while the members are severally taxable for their interests where they reside, unless the statute lays down a different rule. The firm, and not the individual members of it, is, for the purposes of taxation, considered as owner of its property, and it is to be assessed therefor. Even where the parties reside in different districts, the firm property is taxable at the place where the business is conducted." We are of the opinion that the property was properly assessed.

The judgment is reversed for proceedings consistent with this opinion.