562        KENTUCKY REPORTS.        [Vol. 116

Langdon-Creasy Co. v. Trustees of Owenton Common School District.

CASE 60—ACTION BY THE LANGDON-CREASY COMPANY AGAINST THE TRUSTEES OF OWENTON COMMON SCHOOL DISTRICT TO PREVENT ITS PROPERTY FROM BEING ASSESSED FOR TAXATION FOR SAID SCHOOL DISTRICT.—OCT. 28.

# Langdon-Creasy Co. v. Owenton Common School District.

APPEAL FROM OWEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

TAXATION—CORPORATION—SITUS OF PERSONAL PROPERTY.

Held:    Kentucky Statutes, 1899, section 4085, provides that the property of all corporations, except where differently provided, shall be assessed in the name of the corporation in the same manner as that of a natural person, except that, when legally called on, its chief officer shall give a full report of its property, etc. *Held*, that where a corporation engaged in the grocery business, not within sections 4077, 4078, providing for the imposition of franchise taxes on certain corporations, owned stocks of goods in various counties, its entire personal property should be assessed at the place of its residence and principal place of business.

CHAS. STROTHER, ATTORNEY FOR APPELLANT.

The sole purpose of this action is to obtain a deliverance from the court on the question of the situs for taxation of personal property belonging to a private corporation.

It is admitted for the purposes of the demurrer that the prop-

erty assessed is a stock of groceries in Owenton, Ky., and that appellant owns similar stocks of goods located in some twenty-odd counties in this State, all of which, including the stock at Owenton, appellant lists for taxation for all purposes in Kenton county, Ky., and there pays its taxes, and we maintain that Kenton county being the legal residence of appellant, is the proper and only legal place at which it should list and pay said tax.

The law requiring railroad companies to pay taxes at the place of its legal residence and likewise in municipalities and school districts through which it runs, applies to real estate only and is true because of special provision of law.

### AUTHORITIES CITED.

City of Newport v. Ringo, 87 Ky., 635; Gates v. Barrett, 2 R., 318; Milwaukee Ship Co. v. City of Milwaukee, vol. 18, L. R. A., 353.

JOHN W. DOUGLAS, ATTORNEY FOR APPELLEE.

The question in this case is: "Does the situs of personal property ever control its taxation?" Appellant owns a stock of groceries in the town of Owenton worth $900. It has "twenty or more stores" scattered over Kentucky, each of which owes its protection to the officers where it is situated.

If the contention of appellant prevails it could locate its twenty or more stores in Louisville, Lexington and other towns and cities where taxes are high, and claim its chief place of business and home at a small town like Burlington in Boone county, where very little taxes are paid, and thereby force its competitors in business to pay much more taxes than it pays, leaving it to enjoy the benefits of its location in other places without sharing the burdens thereof. The assessing officers at its "home place" could not know or estimate the value of its stock in other places, and in this way it may practice a fraud in its assessments and escape its share of the public burden.

While the situs of personal property is usually with the owner, this is not always the case, and if not always the case, surely this is one instance in which the situs will control.

### AUTHORITIES CITED.

Louisville v. Tatum, Embry & Co., 23 R., 1014; Lawyers' Reports Annotated, vol. 37, p. 385, 386, 387; Herron v. Keenon, 59

Ind., 472 (26 Am. Rep., 87); Cooley on Taxation (2d ed.), p. 374; Desty on Taxation, vol. 1, sec. 62.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING..

The appellant is a corporation organized under the laws of this Commonwealth, and is engaged in the retail grocery business. Its residence and principal place of business is Covington, Kenton county, Ky. It also has retail grocery stores in various places of the State, including one in Owenton, Owen county, Ky. Supposing it was its duty to do so,. it listed all its property in Covington for taxation. The trustees of the common school district assessed the property in Owenton for taxation. The question here is whether the stock of goods in Owenton should have been assessed there or in Covington. From the averments of the petition, this is not an effort upon the part of the appellant to evade the payment of taxes, but to prevent its property from being assessed in two places, thus being subjected to the burden of double taxation. The law requires that the articles of incorporation should designate the principal place of business of the corporation. It was held in Newport & Cincinnati Bridge Co. v. Woolley, 78 Ky., 523, that a corporation can not have two domiciles at the same time, and that it obtains a residence not by its own act, but by legal authority. From the averments of the petition, we conclude that its residence is in the city of Covington. This is not a corporation which is required to make a report to the Auditor of Public Accounts for the purpose of being assessed. Sections 4077, 4078, Kentucky Statutes, 1899; Louisville Tobacco Warehouse Co. v. Commonwealth, 20 R., 1047, 48 S. W., 420. Section 4085,. Kentucky Statutes, 1899, provides that: "The property of all corporations, except where herein differently provided, shall be assessed in the name of the corporation in the same manner

as that of a natural person, except that, when legally called on, the chief officer shall report a full statement of the property of such corporation for taxation, and for failure shall be subject to the penalties by this article provided; and so long as said corporation pays the taxes on all its property of every kind, the individual stockholders shall not be required to list their shares in said corporation." As this corporation is not required to report to the auditor its property for assessment and taxation, it is assessed "in the same manner as that of a natural person." The property sought to be taxed is personal property, and this court in Wren v. Boske, 25 R., 1780, 72 S. W., 279, held that personal property of a taxpayer should be assessed in the county of his residence, although it was kept in another county of the State. The court went into details, pointing out various sections of the statute upon which it based its conclusion that the situs of personal property for the purpose of taxation was in the county of the taxpayer's residence; the court holding that there was a legislative declaration to that effect. As appellant corporation has a legal residence, and not being in the class of corporations which are required to report to the auditor, it must be assessed in the same manner as that of a natural person. It seems to us that there is no escape from this conclusion. The Legislature has the unquestioned authority to fix the situs of property for the purpose of taxation. This conclusion is not in conflict with case of Lou. v. Tatum, Embry & Co., 111 Ky., 747, 23 R., 1014, 64 S. W., 836. In that case the effort was to tax partnership property, and the court held that a partnership is a distinct entity, and its property is subject to taxation at the place where it conducts its business. In that case some of the members of the firm lived in and some outside of the municipality which sought to impose the tax. The case of Wren v. Boske is made to turn

upon the legislative intent, and this case is likewise made to turn.

The judgment is reversed for proceedings consistent with this opinion.