CASE 102—ACTION BY COMMONWEALTH BY S. T. BAILEY, SHERIFF OF GREENUP COUNTY TO COLLECT TAXES ON PROPERTY OF THE C. & O. RAILWAY Co., OMITTED.—DEC. 3.

# Commonwealth v. Chesapeake & O. Ry. Co.

APPEAL FROM GREENUP CIRCUIT COURT.

FROM A JUDGMENT IN THE CIRCUIT COURT FOR DEFENDANT, THE COMMONWEALTH APPEALS. AFFIRMED.

TAXATION—CORPORATE STOCK—SITUS—RESIDENCE OF OWNER—RAILROADS—BAILEES OF STOCK.

Held: 1. A railroad corporation is not a bailee in possession of its capital stock, within the meaning of Kentucky Statutes, 1899, section 4023, providing that the bailee in possession of property on a certain date shall be liable for taxes thereon; and an allegation, in proceedings by the sheriff to list such property, that the corporation is such a bailee, is a mere conclusion of law.

2. Kentucky Statutes, 1899, section 4058, requiring the taxpayer to list in his schedule the amount of stock in joint stock companies or associations of the State not paid in by the company or association, shows conclusively that stock in corporations is to be listed for assessment by the individual stockholder in

the county in which he gives in his assesment, and not by the corporation.

W. T. COLE, AND A. E. COLE & SON, FOR APPELLANT.

W. H. WADSWORTH AND E. L. WORTHINGTON, FOR APPELLEE.
(No briefs, record misplaced.)

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

Samuel T. Bailey, the sheriff of Greenup county, Kentucky, instituted this proceeding in the county court of Greenup, under section 4241 of the Kentucky Statutes, authorizing the sheriff to list omitted property. The proceeding was commenced by filing in the Greenup county court a statement, in the form of a petition, which sets forth substantially the following: That the Chesapeake & Ohio Railroad Company consists of three corporations: First, a corporation created by the laws of the State of Virginia; second, a corporation created by the laws of the State of West Virginia; and, third, a corporation created and existing under, and by virtue of the compliance with, sections 194 and 211 of the Kentucky Constitution, and sections 571 and 841 of the Kentucky Statutes. That these corporations have one or more places of business in Greenup county, with an authorized agent or agents thereat, upon whom process can be served; and, by their compliance with the Constitution and statutes of Kentucky, they, as well as the stockholders, agreed and undertook to submit to the laws of this Commonwealth, and especially that the situs of the stock in the corporations should be for the purpose of taxation within this Commonwealth. That these three corporations jointly own and possess and operate a line of railway beginning at Covington, and running along the Ohio river, through Greenup county, to Ashland, Kentucky, and through the State of West Virginia to Newport News, in the State

of Virginia. That on or about the 1st of January, 1899, the
Virginia and West Virginia corporations entered into a writ-
ten contract with the Maysville & Big Sandy Railroad Com-
pany, by which they leased its line of road, extending from
Covington, through Greenup county, to Ashland, Kentucky,
for a term of ninety-nine years, with the right of perpetual
renewal. That neither of these corporations, or any one for
them, has ever listed this lease for taxation, and it has been
entirely omitted by the assessor of Greenup county, and the
assessor of every other county in this State, and by all other
officers whose duty it is to list the property or assess it, in-
cluding the Railroad Commission and the Board of Valua-
tion and Assessment for the State. That neither of these
corporations has ever paid any taxes to the Commonwealth on
this lease. That they have, since the —— day of ——,
1893, and prior thereto, exercised a franchise continuously
within this Commonwealth, and neither of them has ever
reported to the Railroad Commission, or the Board of Val-
uation and Assessment, or any one else, the value of this
franchise or franchises for taxation, and they have been
wholly omitted by the Board of Valuation and Assessment,
the Railroad Commission, and every other officer whose duty
it is to attend to these matters. Nor has any taxation
been paid to the Commonwealth by any of the corporations
on their franchises, although these franchises are of the
value of $20,000,000 in the open market, and the lease is of
the value of $15,000,000 in the open market. That the cap-
ital stock of each corporation has been at all times of the
value of $62,525,000, divided into shares of the par value of
$100 each, and that this stock has always been worth par
value in the open market. This stock has been owned and
held by divers and sundry persons, whose names appellant
has not been able to ascertain, but which are all well known

to the appellee.  That, by reason of the failure of the corpo-
rations to pay taxes on their corporate property, the stock-
holders therein should have listed their stock for assessment
and taxation, but they have wholly failed and refused to do
so, and the stock has been wholly omitted by the assessor of
Greenup county, the Board of Valuation and Assessment,
the Railroad Commission, and every other officer in this
State whose duty it is to cause it to be listed, and no tax-
ation has ever been paid thereon to the Commonwealth.  That
the capital stock, surplus, reserve fund, franchises, good will,
and business opportunities and possibilities of the corpora-
tions which represent the stock belonging to the stockholders
have at all times been in the possession, physical control, and
keeping of the corporations, as bailees of the stockholders
thereof, and that therefore the different corporations are lia-
ble to the Commonwealth on account of taxes due from
their stockholders on their stock for the years from 1892
to 1902, inclusive.  Wherefore it was prayed that the defend-
ant corporations be compelled to list in their own name, as
bailees in possession, the stock of their stockholders, and that
it be assessed against the corporations, as bailees in posses-
ion, for each and every year, beginning with 1892, up to and
including the year 1902.  A demurrer was filed by appel-
lee, which was sustained by the judge of the county court,
and the petition dismissed, whereupon appellant prayed an
appeal to the circuit court, where a demurrer was again filed
and sustained, and the petition , dismissed from which judg-
ment this appeal is prosecuted.

It is the theory of appellant that, because the corpora-
tions have failed to list and pay taxes due upon the corpo-
rate property, therefore all of the individual stock held by
the stockholders in the corporations becomes at once liable
for taxation in Greenup county, Kentucky, without refer-

ence to the residence of the owner. This theory is based upon
sections 4020 and 4088 of the Kentucky Statutes of 1899,
which are as follows: .

"Sec. 4020.    All real and personal estate within this
State, and all personal estate of persons residing in this
State, and of all corporations organized under the laws of
this State, whether the property be in or out of this State,
. . . shall be subject to taxation, unless the same be
exempt from taxation by the Constitution and shall be
assessed at its fair value estimated at the price it would
bring at a fair voluntary sale."

"Sec. 4088. The individual stockholders of the corporation
which are, by this article, required to report and pay taxes
upon its corporate franchises, shall not be required to list
their shares in such companies, so long as the corporation
pays the taxes on the corporate property and franchises, as
herein provided."

By these sections it is contended that the stock of the in-
dividual stockholders, upon the failure of the corporation
to pay its just taxes, at once becomes liable to taxation in any
county through which the road runs, and in which it has
an agent upon whom process can be served.

Sections 4077 to 4086, inclusive, of the Kentucky Stat-
utes, contain an elaborate and thorough system for the as-
sessment and collection of taxes from a large class of the im-
portant corporations of the State, including railroads, both
foreign and domestic. By this system the Board of Valua-
tion and Assessment is established, whose duty it is, upon
information obtained in the manner therein set out, to as-
sess the franchises of these corporations, and to certify to
the various counties, municipalities, and taxing districts the
amounts liable to them, respectively, for local taxation. Con-
ceding it to be true, for the purposes of this case, that by

section 4088 the stock of the individual stockholders of a railroad corporation becomes liable to taxation if the corporation itself fails to pay the taxes on its corporate property and franchises, it does not follow that this stock is taxable anywhere else than the residence of the owner. Section 4052 is as follows: "All taxable estate shall be assessed and valued as of the fifteenth of September in the year listed, and the person owning or possessing the same on that day shall list it with the assessor, and remain bound for the tax, notwithstanding he may have sold or parted with the same." Section 4023: "The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property, on the fifteenth of September of the year the assessment is made, shall be liable for taxes thereon; but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment." The corporations in question are not the bailees in possession of the individual stock, within the meaning of the sections of the statute above quoted, and the allegation of the petition to that effect is a mere conclusion of law. On this subject the petition states: "Plaintiff states that the capital stock, surplus, reserve fund, franchises, good will, and business opportunities and possibilities of said corporations which represent the stock belonging to the stockholders of said corporations have at all times herein mentioned been in the possession, physical control, and keeping of the defendant corporations, as bailees of the stock of said stockholders, and by virtue thereof said defendants are liable to this Commonwealth on account of taxes due from the said stockholders in said corporation on their stock from the year 1892 up to and including the year 1902." It will be observed that the allegation is that the corporate

property "has been in the posesssion, physical control, and keeping of the defendant corporations as bailees of the stock of said stockholders." Undoubtedly the corporate property has been in the possession and control of the corporation, but not as bailees of the stockholders. The corporate property belongs to the corporation, and is, of course, rightfully in the possession of its owner. The shares of stock belonging to the stockholders are mere certificates showing the respective interests of the various holders in the corporate property; but it is well settled that the capital stock of a corporation, and the shares of stock held by the stockholders, for the purpose of taxation, may be, and generally are, entirely distinct property. Shares of stock are personal property belonging to the shareholder, and, as such, it is taxable, if taxed at all, at the residence of its owner. In the case of Wren v. Boske, Sheriff, 24 R., 1980, 72 S. W., 279, on the subject of the situs of personal property for taxation, this court said: "We are referred to a number of decisions holding that personal property of non-residents of the State, which has obtained a situs in the State, may, if the Legislature so provides, be taxed in that State, and the same rule no doubt would apply between the different counties of the same State if the Legislature so provided. But the question after all is one of legislative intent. By our statute land shall be listed in the county in which it is located. Kentucky Statutes, section 4025. The assessor calls on the taxpayers, and takes their lists. Kentucky Statutes, section 4044. Personal property of every kind must be stated and valued separately from real estate. Section 4050. All taxable estate shall be assessed as of September 15th, and the person owning or possessing it on that day shall list it with the assessor. Section 4052. The assessor, before returning any one as delinquent, must apply at his residence. Section

4065. There is no provision in the statute anywhere for the assessment of personal property in the county in which it is situated, although there are such provisions as to the assessment of land; and, taking the whole statute together, we think it reasonably clear that the Legislature contemplated that personal property was to be given in by the taxpayers in the county of their residence. In Jones v. Commonwealth 53 Ky., 2, this court said: 'By the general law, the owners of property subject to taxation are called on and give in their lists in the county in which they reside, though the property may be in other counties.' Again, in Gates v. Barrett, 79 Ky., 296, 2 R., 318, the court said: 'In general, movable property is to be assessed for taxation at the place of the owner's residence.' Also Boske, Sheriff, v. Security Trust & Safety Vault Co., (22 R., 181) [56 S. W., 524]; Covington v. Whayne (22 R., 826) [58 S. W., 776]." In the case of Langdon-Creasy Co. v. Trustees of Owenton Common School District (opinion filed Oct. 28, 1903) 116 Ky., 562, 25 R., 823, 76 S. W., 381, it was held that the personal property of a corporation which had branch houses in several counties of the Commonwealth was taxable, not where the branch business was carried on, but in the county where the corporation had its residence and principal place of business; in other words, that the situs of the personal property for taxation was the residence of the owner. All doubt on the question involved in this action seems to be set at rest by the fact that the schedule required by section 4058 to be furnished the taxpayer for the purpose of listing his property provides for the listing of stock in corporations which have not paid the taxes due by them. Item 10 of the schedule is as follows: "Amount of stock in joint stock companies or associations of this State not paid on by the company or association." This shows, conclusively, that the stock in the cor-

poration is to be listed for assessment by the individual stockholder in the county where he gives in his assessment. The statute authorizing the assessment and taxation of personal property in the hands of the bailee in possession refers to personal property held by one person for the use of another. This is not true in the case at bar. The shares of stock are in the possession and under the control of the individual stockholders, and not in the hands of the corporation, at all. The stock sought to be taxed in this case in Greenup county is perhaps scattered throughout the commercial centers of the world. It is being bought and sold day by day on the stock exchanges of New York, London, Paris, Berlin, and other cities. It is constantly changing hands, and can not, therefore, be considered, in any sense, in the possession of the corporation. It would be a strange rule of fiscal law which would authorize the taxation of $62,525,000 of stock in this large corporation in Greenup county, when it does not appear that one share of it is owned by a resident of that county. As said in the case of City of Louisville v. Sherley, 80 Ky., 71, 3 R., 566: "The proper place to list personal property in this State, or, rather, its value under the equalization law, is in the county where the owner lives."

As this was the conclusion reached by the trial judge, the judgment is affirmed.