CASE 16.—ACTION BY J. C. CALDWELL AGAINST T. J. HILL, SHERIFF.—May 27, 1909.

## Hill, Sheriff v. Caldwell

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

Taxation—Personal Property—Place of Taxation.—General Revenue Law 1906 (Acts 1906, p. 90, c. 22) Art. 1, Sec. 7, providing that personal property shall be taxable in the county where the same has established "a taxable situs based on the actual situation of the property," does not render taxable, in a county other than the residence of the owner, cattle which are temporarily in pasture in such other county.

W. S. BURCH for appellant.

The appellant contends that the cattle were liable to assessment and taxation in Lincoln county, it matters not for how short a time they were in the county, other than being driven or transported through the county. Acts 1906, page 90; Ky. Statutes, Sec. 4025 (1909 Ed.)

FOX & JACKSON for appellee.

POINTS AND AUTHORITIES.

1. Tangible personal property can not be assessed for taxes in a county other than the domicile of the owner, unless said property has a taxable situs, established on an actual situation and location in a county, other than the owner's residence. Acts 1906, Chap. 22, Art. 1, Sec. 7; Bouvier's Law Dictionary, Vol. 2, word "situs;" Morgan v. Southern Lumber Co., 89 S. W. 120; 28 R. 190; Ayer & Lord Tie Co. v. Keown, Sheriff, &c., 93 S. W. 588; 29 R. 110.

2. Assessment of property for taxation without notice to owner, or an opportunity to him to be heard, is void. Ward, Sheriff v. Wentz, &c., 113 S. W. 894; Negley v. Henderson Bridge Co., 54 S. W. 171; 21 R. 1154; Mt. Sterling Oil & Gas. Co. v. Ratliff, Sheriff, 31 R. 1229; 104 S. W. 993; Central of Georgia R. R. Co. v. Wright, 28 Supreme Court Reporter 51; Security Trust and S. V. Co. v. Lexington, 27 Supreme Court Reporter 89; Acts 1906, Chap. 22, Art. 2, Secs. 2, 5, 7, 8, 13, 16, 18, 24, 25.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

This action was instituted by the appellee for the purpose of enjoining the sheriff of Lincoln county from enforcing a tax warrant, which he had in his hands and had levied upon two head of cattle belonging to appellee. The petition alleges that the plaintiff (appellee) resided in Boyle county, Ky., and that for a part of the year 1908 he was temporarily pasturing 150 head of cattle in Lincoln county, where, it seems, they were assessed for taxation, with the result that a tax warrant for $62.32 was placed in the hands of the sheriff and levied upon two of the cattle in question. The petition alleged that the cattle were

only "temporarily grazing in the county of Lincoln, and had no established situation or taxable situs in the county of Lincoln;" that they had been given in by the owner (plaintiff) for taxation in Boyle county, where he lives, and he had there paid both the state and county taxes upon them. A general demurrer was interposed by the sheriff, which was overruled by the court, whereupon the sheriff declined to plead further, and judgment was entered in accordance with the prayer of the petition, enjoining him from proceeding further with the execution of the tax warrant, and from this judgment he has appealed.

The appellant recognizes the rule, applying to the taxation of personal property prevailing in this State prior to the year 1906, that tangible personal property is taxable only at the residence of the owner; but he insists that the Legislature in 1906 changed this rule. This contention is based upon section 7, art. 1, of the general revenue law enacted in 1906 (Acts 1906, p. 90, c. 22). The statute in question is as follows: " *  *  * Tangible personal property shall be listed and taxes paid thereon in the county, municipality and taxing district where the same has established a taxable situs based on the actual situation of the property." Undoubtedly the Legislature intended to change or modify the hard and fast rule prevailing in the State, that tangible personal property could be taxed only at the residence of the owner, no matter how permanently situated it might be elsewhere. An example of the evil which the Legislature had in mind to correct arose in the case of Langdon-Creasy Co. v. Trustees, 25 R. 823, 116 Ky. 562, 76 S. W. 381. The Langdon-Creasy Company had branch business houses scattered throughout the State, wherein they

conducted business as retail merchants in various towns and cities. It was held that these various establishments, although for all practical purposes permanently situated at the points where they were conducted, could be taxed only at the residence of the owner. Now it was to correct the evil arising from the rule as illustrated in the case cited that the Legislature changed the law and required tangible personal property to be taxed wherever it had "a taxable situs based on the actual situation of the property."

This language certainly does not mean that property which is only temporarily in a county other than the residence of the owner is taxable when it is found on assessment day. If this had been the meaning of the Legislature, it would not have been necessary to use the language we find in the statute. It would only have been necessary to say that tangible personal property should be taxed at that place where it is actually situated on assessment day of the given year. The language used by the Legislature is applicable to that class of tangible personal property which is permanently situated in a county other than the owners residence. We are unable to reach the conclusion that the Legislature meant that if the owner of cattle living near a county line should rent a pasture in the county adjoining, and there for a few weeks should pasture his cattle, these would be taxable where they were temporarily grazing, if they happened to remain there until assessment day.

We are of opinion that appellee's cattle were not taxable in Lincoln county under the facts as stated in the petition. Therefore the circuit court correctly overruled the general demurrer to that pleading.

Judgment affirmed.