## City of Paris v. The Burley Tobacco Society, et al.

### (Decided June 10, 1913.)

### Appeal from Bourbon Circuit Court.

1. Taxation—Tangible Personal Property—When Subject to City Taxes.—Under section 4025 of the Kentucky Statutes, tangible Personal property is subject to city taxes when it has established a taxable situs based on the actual situation of the property in the city, and whether tangible personal property has established a taxable situs or not depends on the facts of each case.

2. **Taxation—Claimant or Bailee in Possession Liable for.**—Under section 4023 of the Kentucky Statutes, the claimant or bailee in possession of property is liable for the taxes thereon.

3. **Taxation—Sufficiency of Petition to Enforce Collection of.**— Where tangible personal property was assessed for city taxation, and afterwards a suit was brought to enforce collection of the taxes so assessed, the petition on its face, which charged in effect that the title and possession of the property sought to be assessed was in the city in the hands of an agent or bailee, stated a cause of action sufficient to require a defense showing how the tobacco was held by the agent and how long it had been and would be within the city.

C. M. McMILLAN for appellant.

TALBOTT & WHITLEY and CLAUD M. THOMAS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This suit was brought for the purpose of collecting taxes alleged to be due by the Burley Tobacco Society, the Bourbon County Board of Control and D. W. Peed, agent of these corporations, to the city of Paris, for the years 1907, 1909 and 1910, upon a large quantity of tobacco stored in warehouses in the city of Paris during the year for which the tax was sought to be collected. A general demurrer was sustained to the petition as amended, and, declining to plead further, the petition was dismissed, and this appeal prosecuted by the city.

It was charged in substance in the petition that the Burley Tobacco Society is a corporation, as is also the Bourbon County Board of Control, which is merely a subsidiary corporation of the Burley Tobacco Society, and that these corporations jointly and severally had power to handle, grade, ship and sell tobacco, and do all other things necessary to carry out the purposes of their organization and that D. W. Peed was the managing agent of each of these corporations. It is averred that in the year 1907 a large number of tobacco growers, whose names are unknown to the plaintiff, executed and delivered to these corporations a writing obligating the signers as follows:

"We, the undersigned, for and in consideration of the benefits to be derived from having our tobacco handled and sold by the Burley Tobacco Society, a branch of the American Society of Equity, Department of Tobacco Growers, do hereby pledge to the said society the number of acres of tobacco set opposite our

names, raised during the season of 1906, and do constitute it our agent for the purpose of receiving, grading, handling and selling the same on such terms as the society may prescribe in accordance with its constitution and by-laws."

It is further averred that in 1909 and 1910 there was executed to these corporations by a number of tobacco growers, whose names are unknown to the plaintiff, a writing in which the signers agreed to and did "constitute and appoint the Bourbon County Board of Control and the Burley Tobacco Society, corporations under the laws of Kentucky, as sole agents for the purpose of receiving, commingling, handling, warehousing, inspecting, insuring, grading, financing and selling all of said tobacco in such manner and on such terms as said Burley Tobacco Society may prescribe pursuant to its charter and by-laws, and for such purpose hereby transfer and assign to and invest in said agents the title and right of possession to said tobacco," and further averred that pursuant to said agreements a large quantity of tobacco was pledged and delivered to these corporations and the title to the same was transferred and assigned to them, and the said tobacco was held by defendants in the city of Paris, the principal place of business and the principal office of the defendant, the Bourbon County Board of Control, during the years 1907, 1909 and 1910.

The petition contained other necessary allegations, but it is not important to refer to them here, as the parts we have copied are sufficient to illustrate the questions at issue in the case. The substance of the petition as amended is that during the years mentioned a number of tobacco growers, pursuant to the agreements set out, delivered the title and possession of the tobacco owned by them to these Burley Societies for the purpose of being put on the market and sold by them pursuant to the provisions of their charters, and that during the years mentioned, these societies had in their possession in the city of Paris, for the purposes mentioned, the tobacco which was assessed for taxation and that is sought in this suit to be subjected to the tax levied on the assessment.

It is insisted by counsel for appellees (1) that the agreements under which the tobacco was surrendered to these societies did not pass title to them but only created them trustees to hold it in trust for the tobacco growers, and that property held in trust is taxable at the residence of the beneficial owners; (2) that the petition was

fatally defective in failing to allege that the tobacco growers who executed these agreements and delivered their tobacco in pursuance therewith were residents of the city of Paris and consequently all property owned by them subject to taxation in the city; and (3) that the petition was further fatally defective in failing to aver that the tobacco sought to be taxed was permanently situated or located in the city of Paris.

If the tobacco growers who executed these agreements and delivered possession of the tobacco to these corporations paid themselves the tax thereon for the years mentioned, of course in no state of case should the corporations be required to either assess or pay taxes on it, as to require them to do so would be double taxation. But if the tobacco delivered to these corporations was not assessed by the growers, and was subject to taxation in the city of Paris, it should be assessed in the possession of the corporations, as their agent or trustee. It is not material which, as section 4023 of the Kentucky Statutes, provides that "the holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property on the first day of September of the year the assessment is made, shall be liable for taxes thereon; but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment."

Section 4025, of the Kentucky Statutes, also provides in part that "tangible personal property shall be listed and taxes paid thereon in the county, municipality and taxing district where the same has established a taxable situs based on the actual situation of the property." Under this statute, if the taxes on this tobacco had not been paid by the growers, and if it had a taxable situs based on the actual situation of the property in the city of Paris, it is subject to taxation there for the years in which it had a taxable situs in the city. We may further add that if this tobacco was only in the possession of the corporations in the city of Paris temporarily or for a temporary purpose, it was not subject to taxation in the city. Hill v. Caldwell, 134 Ky., 99.

Having these general views of the law applicable, we think the petition as amended stated a cause of action sufficient to require a defense. Having nothing before us except the petition, we do not venture any opinion as

to what disposition should be made of the case when the pleadings are made up and the evidence in, as the decision of the case on its merits will depend on the facts shown by the evidence.

Wherefore, the judgment of the lower court is reversed, with directions to overrule the demurrer to the petition as amended and for further proceedings not inconsistent with this opinion.