# Walter G. Hougland & Sons et al. v. McCracken County Board Of Sup'rs.

December 19, 1947.

W. B. Ardery, Judge.

Wheeler, Marshall & Shelbourne for appellants.

Roy W. House, Assistant Attorney General, and John Kirksey for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment of the Franklin Circuit Court sustaining an order of the Kentucky Tax Commission. The controversy involves the right of McCracken County to tax personal property, consisting principally of boats and barges, owned by appellants who do business as two partnerships.

It appears that the two partnerships here contesting the McCracken County assessment were an outgrowth of the Walter G. Hougland, Sr. estate. He was a native of Calhoun, in McLean County. There have been many changes and reorganizations since the original partnership was founded many years ago, but it is still a family affair. "Walter G. Hougland & Sons" has been operated as the present partnership since 1940, and "Hougland's" has been operated since 1941. The principal business of each is the transportation of petroleum products on the inland waterways of the United States. Practically all of their tangible personal property consists of boats and barges which do not have an actual permanent situs anywhere. For approximately forty years the property of these partnerships or their predecessors has been assessed for taxation in McLean County. This was true on July 1, 1945.

In January 1944 an office of the partnerships was opened in McCracken County at Paducah. Partnership mail is received at Paducah; the office manager of both partnerships carries on his duties there; there is a telephone listing, "Walter G. Hougland, River Transportation;" and the partnerships show their place of business as Paducah on their income tax returns. Apparently the books are kept there.

Insofar as McLean County is concerned, the partnerships own real estate and some of their business is transacted there, although they have no office in that locality, and two of the partners live there.

On July 1, 1945, McLean County assessed the partnerships' property, and taxes based on these assessments were paid. Subsequently the Board of Supervisors of McCracken County assessed this same property as of July 1, 1945 at roughly $490,000.00. On an appeal to the Kentucky Tax Commission, the right of McCracken County to make the assessment was recognized, but the valuations were reduced from $490,000.-00 to approximately $400,000.

The partners appealed to the Franklin Circuit Court and appeal here on two grounds: (1) McCracken County had no authority to tax the tangible personal property of the partnerships, and (2) if so, the assessments were excessive.

Prior to 1940 it appears that the partnerships did not have a recognizable established place of business, and their transactions were carried on informally from several different places. After 1940 there was some sort of office in Daviess County at Owensboro, and in 1944 the office was opened in McCracken County. Appellants contend that McLean County has always been the actual and intended home or domicile of these partnerships, and they should be taxable only by that county.

Section 132.220, sub. 1, KRS, provides that taxable property shall be listed by the owner in the "county where it is located." Since the property of appellants does not remain physically in the state, it would ordinarily be taxable where the owner was domiciled. Appellants argue that the same rule with respect to indivi-

duals should apply to partnerships, and that the "home" of the partnerships is where the partners intended and intend that it shall be. It is, of course, the general rule that in the case of an individual, where a legal domicile is established, it continues at that place until an intention to abandon it is shown. Helm's Trustee v. Commonwealth, 135 Ky. 392, 122 S. W. 196.

It is generally recognized, however, that the taxable situs of a partnership's personal property is at the place where it conducts its business. As stated in Cooley on Taxation, (2d) Sec. 473, page 1060:

"Partnership property is taxable as an entity at the domicile of the firm rather than at the residence of the several owners; and the domicile of a partnership, for the purpose of taxation, is at its place of business."

The same rule is thus expressed in 51 Am. Jur., Taxation, Section 486:

"The interest of a partner in a partnership may be regarded as separate from his person for the purposes of taxation, and as a general rule, in the absence of a controlling statute to the contrary, it seems that such interest is regarded as having its situs at the place where the business of the partnership is carried on."

It has been decided in this state that partnership property should be assessed as a whole against the partnership at the place where it conducts its business rather than at the places where the partners reside. City of Louisville v. Tatum, Embry & Co., 111 Ky. 747, 64 S. W. 836.

More recently this principle was recognized in Commonwealth v. Madden's Ex'r, 265 Ky. 684, 97 S. W. 2d 561, 107 A. L. R. 1379, where we held that the assets of a partnership "localized" in New York were not taxable in Kentucky where one of the partners resided.

In the absence of an established place of business, perhaps the partners could properly designate McLean County, where the original business was organized, as the legal residence of the partnerships for taxation purposes. However, where they actually maintain an office and conduct their business in another county, that other

county becomes the most clearly recognizable residence or domicile of the partnership entities. The taxable situs would be precarious indeed if dependent on the mere intent of one or all of the partners. The difficulty of this position is exposed when we consider that each partner might have a different intention regarding the locality of the business.

For taxation purposes a partnership is a distinct entity, and neither the residence of the partners nor their abstract intent is material in determining taxable situs. The objective evidence establishes that the partnerships here involved exist, are localized and have a legal residence in McCracken County, where their principal and only place of business is maintained. The property assessment by that county was, therefore, authorized.

The further contention by appellants that the assessments were excessive calls for little discussion. They failed to introduce any evidence whatsoever regarding the value of the property which McCracken County undertook to assess. The official acts of the Board of Supervisors are presumptively correct, and the burden of proving their assessments incorrect is upon the taxpayer. Marion County, etc., v. Wilson, 105 Ky. 302, 49 S. W. 8, 799. Since appellants failed to introduce any evidence of valuations, the action of the Board as modified by the Kentucky Tax Commission, must be sustained.

The judgment of the Franklin Circuit Court is affirmed.