O'KEEFE and others, Copartners, d/b/a O'KEEFE CON-
STRUCTION COMPANY, Plaintiffs and Respondents, v.
CITY OF DE PERE, Defendant and Appellant: TOWN OF
ASHWAUBENON, Defendant and Respondent.

*February 2—March 8, 1960.*

For the respondent O'Keefe Construction Company there was a brief by *Wilmer & Surplice* of Green Bay, and oral argument by *Alex Wilmer.*

For the respondent town of Ashwaubenon there was a brief by *Davis, Soquet, Cherney & Ross* of Green Bay, and oral argument by *Donald E. Soquet.*

FAIRCHILD, J.   Sec. 70.13 (1), Stats., provides:

"All personal property shall be assessed in the assessment district where the same is located or customarily kept except as otherwise specifically provided. Personal property in transit within the state on the first day of May shall be assessed in the district in which the same is intended to be kept or located, and *personal property having no fixed location shall be assessed in the district where the owner or the person in charge or possession thereof resides,* except as provided in sub. (5) of this section." (Emphasis supplied.)

The personal property with which we are concerned on this appeal is limited to those items which are never returned to the shop and are conceded to have no fixed location. The question where they shall be assessed is to be decided by applying the italicized language just quoted.

It is argued that because a partnership is not an entity, *Westby v. Bekkedal* (1920), 172 Wis. 114, 120, 178 N. W. 451, the words "district," "owner," and "resides" should be construed in the plural in this instance. This construction would lead to assessment in each of three municipalities in Wisconsin. Assessment of full value in each would tend toward the absurd, and suggest a constitutional question. Assessment by each of the three municipalities of the percentage of full value equal to the percentage of ownership of the partners resident in such municipality would be cumbersome. This formula would require a further formula for deciding where the 10 per cent interest of the partner residing outside Wisconsin should be reflected. The difficulties resulting from this construction do not recommend it as a probable intention of the legislature.

Sec. 70.18 (1), Stats., provides in part:

"Personal property shall be assessed to the owner thereof, except that when it shall be in the charge or possession of

some person other than the owner or person beneficially entitled thereto in the capacity of parent, guardian, husband, agent, lessee, occupant, mortgagee, pledgee, executor, administrator, trustee, assignee, receiver, or other representative capacity, it shall be assessed to the person so in charge or possession of the same."

It should be noted that while the word "person" includes a partnership (sec. 990.01 (26), Stats.), a partnership is not expressly listed in the category of persons having charge or possession under sec. 70.18 (1). None of the parties to this action claims that anyone other than the partnership has charge or possession of this personal property.

Sec. 70.21, Stats., provides in part:

"The personal property of a partnership may be assessed in the names of the persons composing such partnership, so far as known or in the firm name or title under which the partnership business is conducted, and each partner shall be liable for the taxes levied thereon."

We do not view this latter section as controlling the place where the property is to be assessed, but as providing for liability of each partner, whether the property be assessed in the firm name, or title, or the names of the known partners. The existence of this section does show that the legislature gave special notice to the ownership of personal property by partnerships and intended that each partner be liable for the entire tax rather than for his proportionate share.

Sec. 70.21, Stats., seemed to the circuit court to contain a sufficient recognition of the entity theory of a partnership to warrant regarding the partnership as an entity for the purpose of applying sec. 70.13 (1) to the personal property here involved. It does make each partner liable for the full amount of the tax. The governmental service and protection furnished by the municipality where the partnership has its principal place of business may reasonably be said to benefit

all the partners. It is at least as reasonable to permit that municipality to collect the tax from partners residing elsewhere as to permit any other to do so.

We conclude that the circuit court reached the most practicable and sensible construction of sec. 70.13 (1), Stats. For the purpose of this subsection, the partnership is "the owner" and its "residence" is its principal place of business. See *Walter G. Hougland v. McCracken County* (1947), 306 Ky. 234, 206 S. W. (2d) 951, concerning residence or domicile of a partnership entity, and 13 Am. Jur., Corporations, p. 1073, sec. 1158, concerning residence of a corporation for purpose of venue.

Notwithstanding the use of the address of the residence of John O'Keefe for certain partnership purposes, the evidence supports the determination of the circuit court that the partnership's residence for the purposes of sec. 70.13 (1), Stats., was at its permanent place of business in the town of Ashwaubenon.

We reach this decision by construction of the particular statute and do not intend to modify any general principle of partnership law.

*By the Court.*—Judgment affirmed.