CASE 58.—PROCEEDING BY THE COMMONWEALTH AGAINST
THE TRUSTEE OF MRS. H. L. LOVELL, JR., TO
ASSESS OMITTED PROPERTY FOR TAXATION.—
April 26.

# Commonwealth v. Lovell

Appeal from Kenton Circuit Court.

M. L. HARBESON, Judge.

On appeal by the trustee from the judgment of the
county court, the circuit court dismissed the case and
the commonwealth appeals.   Reversed.

1. Taxation—Omitted Property—Appeal—Under Ky. Stats., 1903,
section 4241, providing for proceedings in the county court to
assess omitted property, and that, "from so much of the order
of the court deciding whether or not the property is liable
to assessment, either party may appeal," the question whether
the notice to the trustee of the person whose property was
sought to be taxed was sufficient is not open on the appeal
to the circuit court.

2. Pleading—Denial—The question whether the cestui que trust
whose estate is sought to be assessed in proceedings against
her trustee is a resident of the county in which the pro-
ceeding is brought, as alleged in the petition, is not placed
in issue by the averment in the answer of want of knowledge
or information sufficient to constitute a belief on that subject
in the mind of the trustee; it being its duty to know the
residence of its cestui, so that its qualified denial is
insufficient.

3. Taxation—Stock of Foreign Corporation.—Under Ky. Stats.,
1903, section 4088, providing that "the individual stockholders
of the corporations which are, by this article, required to
report and pay taxes on the corporate franchise shall not be
required to list their shares in such companies so long as
the corporations pay the taxes on the corporate property and
franchises as herein provided," the holders of shares in a

Commonwealth v. Lovell.

foreign corporation, which does not pay taxes to the State on its corporate franchise or any of its personal property, are not exempt from taxation thereon.

R. G. WILLIAMS, attorney for appellant.

Appellee admits in its pleading that it holds this property as trustee for Mrs. Lovell; admits that no taxes has been paid on it, for the year we seek to assess it. The beneficiary resides in Kentucky, receives the protection of our laws yet refuses to contribute one cent to the maintenance of the government by listing this property for taxation.

We therefore submit that the circuit judge was in error in both rulings, when he held that the process should be quashed and that the Kenton county court had no jurisdiction of the case

### AUTHORITIES CITED.

Kentucky Statutes, secs. 4020, 4058, 4258, 4241, 4085; Commonwealth, by &c., v. Union Refrigerator Transit Co., 26 Ky. Law Rep., 25; City of Lexington v. Fishback's Trustee, 22 Ky. Law Rep., 1392; Civil Code, sec. 41; L. & E. Mail Co. v. Barbour, 88 Ky., 73; Hager v. Lucas, 27 Ky. Law Rep. 710.

W. H. MACKOY, attorney for appellee.

### QUESTIONS DISCUSSED AND CASES CITED AND COMMENTED UPON.

1. There was no error in the judgment rendered by the Kenton circuit court. The Kenton county court had no jurisdiction over the person of the appellee nor the subject-matter of the action for two reasons:

First, because there is no provision of law by which a person, against whom a statement is filed under the provisions of section 4241 of the Kentucky Statutes, can be compelled to go into a county court in which a statement against it has been filed, upon a service of summons made in a county other than that in which the information was filed.

Second, because the property of a nonresident of Kentucky in the hands of a resident trustee can only be listed and assessed for taxation in the county in which the trustee is domiciled. The record shows that Mrs. Lovell, the beneficiary, was a nonresident of Kentucky. (Section 4241, Kentucky Statutes; Ky. River Nav. Co. v. Commonwealth, 13 Bush, 435, 436; Russell v. T. P. R.

Co., 13 Bush, 307; Grigsby v. Barr, 14 Bush, 330; Lillard v. Brannin, 91 Ky., 511, 515; Section 4023, Kentucky Statutes; Commonwealth v. Ingalls, 28 Ky. Law Rep., 164, 166; Callahan, Sheriff, v. Singer Mfg. Co., 29 Ky. Law Rep., 123; Hager v. Amer. Surety Co., 28 Ky. Law Rep. 782; Davison v. Johnson, 113 Ky., 202, 210.)

If, upon consideration of the foregoing proposition, the court should be of the opinion that the judgment of the lower court should be affirmed, then it will not be necessary for the court to consider the propositions argued under the second and third heads of this brief.

2. That the seventy-three shares of stock in the Cincinnati Tobacco Warehouse Company, mentioned in the statement filed in this case in the county court, cannot be required to be listed for taxation by virtue of the provisions of section 4085 of Kentucky Statutes, the said Cincinnati Tobacco Warehouse Company being the owner of property in Kentucky, all of which is listed for taxation, and upon all of which it pays taxes. (Section 4085, Kentucky Statutes; Section 4088, Kentucky Statutes; Union Refrig. Trans. Co. v. Commonwealth of Ky., 199 U. S., 194.)

3. That G. W. Menninger had no authority to institute the proceeding in the county court, as his term of office had expired when the proceeding in the county court was commenced by him. (Section 140, Kentucky Statutes; Hoke v. Commonwealth, 79 Ky., 567; Section 4258, Kentucky Statutes, Carroll's Edition of 1903; Hager, Aud., v. Lucas, 27 Ky. Law Rep., 710; Section 4260, Kentucky Statutes.)

OPINION OF THE COURT BY JUDGE BARKER— Reversing.

This is a special proceeding under section 4241, Ky. Stats., 1903, commenced by the commonwealth of Kentucky, in the Kenton county court, against the Security Trust & Safety Vault Company of Lexington,, Ky., trustee for Mrs. H. L. Lovell, Jr., to assess as omitted property a large estate of personalty held by it in trust for her. Although this is a special proceeding, and it was not necessary so to do, the parties have filed the pleadings required by the Code to set out a cause of action and defense in a suit at

law. The petition states that the Security Trust &
Safety Vault Company is a corporation entitled to
act as trustee, and holds for the benefit of its cestui
que trust a large amount of personal property which
was not assessed for certain named years for the
purposes of state taxation; that the cestui que trust,
Mrs. Lovell, is a resident of Kenton county, Ky., but
absent from the State. Upon this petition being filed
in the county court, a summons was issued to the
sheriff of Fayette county, directing him to serve it
upon the Security Trust & Safety Vault Company,
which he did, and made his return as by law required.
The trustee appeared in response to the summons,
and filed a special demurrer to the jurisdiction of the
court, and moved to quash the summons. The de-
murrer and the motion were both overruled, where-
upon an answer was filed traversing certain allega-
tions of the petition and alleging want of information
or belief as to whether or not the cestui que trust was
a resident of Kenton county, Ky. Upon the final trial
of the matter the judge of the county court entered
a judgment assessing the trust property, whereupon
the trustee appealed to the circuit court, where the
motion to quash was renewed, and the court quashed
the summons and dismissed the case for want of
jurisdiction in the county court. From this judgment
the commonwealth is here on appeal.

We think the conclusion reached by the circuit judge
was erroneous. There is no difference in principle
between an assessment of property as omitted, and
the assessment of it at the regular time and by the
regular fiscal officers, except that in the latter pro-
cedure, the time and method being fixed by law, the
owner of the property must take notice, and if any
injury is done him in the assessment he must complain

at the time and place and before the officers provided by law. But the assessment of omitted property being in its nature uncertain and precarious, that no injury be done the owner, notice of the procedure is required, so that he may protect his interest. We do not think it would be difficult, if it were necessary, to show that the notice given the trustee, while not expressly authorized by the statute, was for all substantial purposes sufficient. But that question is not here. Section 4241 of the Kentucky Statutes of 1903, which constitute the basis· of the procedure at bar, only authorizes an appeal from so much of the order of the county judge as decides whether or not the property under consideration is liable to assessment. The language is as follows: ''From so much of the order of the court deciding whether or not the property is liable to assessment, either party may appeal, as in other civil cases, except that no appeal bond shall be required where the court decides that the property is not liable to assessment or taxation.'' The circuit court therefore, had but one question before it, and that was whether or not the county judge erred in holding the property described in the petition subject to taxation in the hands of the trustee in Kenton county, Ky.

We do not think the question as to whether or not the cestui que trust was a resident of Kenton county was open for inquiry. The allegation in the petition that she was a resident of that county was not placed in issue by the averment of want of knowledge or information sufficient to constitute a belief on that subject in the mind of the trustee. It was its duty to know the residence of its cetui que trust, and therefore its qualified denial was insufficient. For the purposes of this case, therefore, the cestui que trust

will be considered as a resident of Kenton. This being true, her personal estate was assessable only in the county of her residence, and it was the duty of the trustee to assess it there. City of Lexington v. Fishback, 109 Ky. 770, 22 Ky. Law Rep. 1392, 60 S. W. 727.

As the case must be reversed for the error pointed out, we think it is proper to say that on the merits the stock owned by the trustee in the foreign corporation was not exempt from taxation because the foreign corporation paid taxes on certain real property in this State. Section 4088, Ky. Stats., 1903, upon which the theory of exemption is based, is as follows: "The individual stockholders of the corporation which are, by this article, required to report and pay taxes upon the corporate franchise shall not be required to list their shares in such companies so long as the corporations pay the taxes on the corporate property and franchises as herein provided." The foreign corporation does not pay taxes to this State upon its corporate franchise, or upon any of its personal property, and therefore its shares of stock do not come within the purview of the statute. In the case of Sturges v. Carter, 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240, the supreme court of the United States, in reviewing a statute of Ohio substantially the same as section 4088 of our statutes, and where the same question we have here arose, said: "The exemption from taxation of investments in stocks, provided by the statute, applies only to shares of those corporations which are required to return their capital and property for taxation in the State. * * * This clearly means those corporations which are required to return all, or substantially all, their capital and property. There is no rule of interpretation by which the statute can be held to apply to corporations who list only a small

part of their property for taxation in Ohio." And it was there held that shares of stock in the Western Union Telegraph & Cable company were liable for taxation in Ohio in the hands of the resident owner, although the foreign corporation paid taxes on a part of its property in the State of Ohio.

For these reasons, the judgment is reversed for proceedings consistent herewith.