CASE 13.—PROCEEDINGS BY THE · COMMONWEALTH BY
JOHN McELROY, SHERIFF, AGAINST CLARA BELL
WALSH'S TRUSTEES TO ENFORCE A TAX. Dec.
13, 1907. Rehearing, March 25, 1909.

# Commonwealth By McElroy, Sheriff v. Walsh's Trustee

133    103
135    329

Appeal from Fayette Circuit· Court.

WATTS PARKER, Circuit Judge.

Judgment for defendant, Commonwealth appeals—
Reversed. Rehearing granted March 25, 1909, and
former opinion withdrawn and original judgment
affirmed.

### ORIGINAL OPINION.

1.  Taxation—Assessments—Corporate Franchises—Corporations
Assessible.—The statutes on revenue and taxation deal with
two classes of corporations, one of which exercises some spe-
cial or exclusive privilege not enjoyed by natural persons,
upon which St. 1909, Sec. 4077 (Russell's St., Sec. 6050), im-
poses a franchise tax in addition to other taxes imposed by
law, the other class, being the ordinary commercial corpora-
tions, which, under Sec. 4085, (Russell's St., Sec. 6058), provid-
ing that the property of all other-corporations shall be as-
sessed in the same manner as that of natural persons, does
not pay a franchise tax.
2.  Taxation—Assessments—Corporate Franchises.—A tax against
a corporate franchise under St. 1909, Sec. 4077, is purely a
property tax, being a tax upon all intangible property of the
corporation, including its capital.
3.  Taxation—Assessments—Double Taxation.—The scheme of
taxation adopted in this State seeks to avoid double taxation,
not only in not taxing the same property twice in the same
year for the same purpose, but in not taxing the same twice,
whatever its form; double taxation. being recognized as op-
pressive and vicious.
4.  Taxation—Classification of Subjects.—While Const., Sec. 171
requires all property to be taxed, and the General Assembly is
prohibited from exempting from taxation any property not
specially exempted by Sec. 170, every element of the prop-
erty need not be taxed, the manner of classifying property for
taxation being left to the Legislature, and when the thing it-
self is taxed as a whole, each of its constituent elements is
also taxed.

Commonwealth, By McElroy, Sheriff v. Walsh's Trustee.

5.  Taxation—Classification—Legislative Discretion.—It is within legislative discretion either to tax the constituent elements of the property as by taxing separately the corporate capital and corporate shares or the separate estate of the life tenant, remainderman, etc., or to tax at its full value the thing which represents those various elements of property.

6.  Words and Phrases—"Property"—Definition.—"Property" is the right to or interest in a thing.

7.  Taxation—Double Taxation—Corporate Shares.—It would not be double taxation to tax a shareholder upon the shares in addition to taxing the corporation upon its capital.

8.  Taxation—Property Assessable—Corporate Shares.—Under St. 1909, Sec. 4088, (Russell's St., Sec. 6061), providing that individual shareholders of corporations required to pay taxes upon their corporate franchises shall not be required to list their shares in such corporations so long as the corporation pays taxes on the corporate property and franchises, the shares of the capital stock of a telegraph company paying a tax upon its franchise and tangible property situated in this State, which constitutes 1 per cent. of its total property, are not subject to taxation.

9.  Taxation—Corporate Property—Property Assessable.—Under the constitutional provision requiring all property to be taxed, what is property as to a domestic corporation is property as to a foreign corporation.

LAST OPINION AFFIRMING ORIGINAL JUDGMENT.

1.  Taxation—Exemptions—Corporations—Shares of Capital Stock—Statutory Provisions—Construction.—Under Ky. St. 1903, Sec. 4088, providing that the individual stockholders of corporations required to pay taxes on the corporate franchise shall not be required to list their shares so long as the corporations pay the taxes on the corporate property and franchise, shares of capital stock of a corporation, paying taxes only on that part of its property situated in the State, were not exempt from taxation..

2.  Same—Uniformity—Constitutional Provisions.—Const. art. 170, exempts certain property from taxation. Article 171 provides that taxes shall be uniform. Ky. St. 1903, Sec. 4088, provides that the individual stockholders of corporations required to pay taxes on the corporate franchise shall not be required to list their shares so long as the corporations pay the taxes on the corporate property and franchise. Held, that if the Legislature intended to exempt from taxation shares of capital stock in corporation, not exempt from taxation and paying taxes only on that part of their property situate within the State, it had no power to do so, and the section was void to that extent.

Opinion of the Court by Judge Nunn—Reversing the original judgment December 13, 1907.

The sole question on this appeal is whether 500 shares of the capital stock of the Western Union Telegraph Company, held by appellee at the several assessment periods for taxation for the years 1902, 1903, 1904 and 1905, were, by the laws of Kentucky exempt from taxation. It is agreed that appellee owned the stock in the several years named, and did not list it for taxation, and that each share of stock was worth $90. The lower court held the stock to be exempt, and the Commonwealth has appealed. It is also agreed that the corporation itself, the Western Union Telegraph Company, fully complied with the laws of Kentucky governing the taxation of foreign corporations doing business and exercising a franchise within this State; that it made reports to the State board of valuation and assessment conforming in all respects to the law, as the basis of the assessment of its franchise as provided by law, which reports were approved and accepted by the State board; and that the corporation had paid in full the State, county, and city taxes due on the assessment, and also all taxes due on tangible property owned by it in this State. It is conceded that only about 1 per cent. of the property of the Western Union Telegraph Company is situated and taxed in the State of Kentucky, and 99 per cent. of it is situated and taxed in other States.

It is contended by counsel for appellee that section 4088, of the Kentucky Statutes of 1903, unequivocally exempts from taxation the shares of stock of that corporation in the hands of its stockholders. The section reads as follows: "The individual stockholders of the corporation which are, by this article, required to report and pay taxes upon the corporate franchise, shall not be required to list their shares in such companies so long as the corporations pay the taxes on the corporate property and franchise as herein provided." After a careful consideration we cannot agree in the construction placed upon this section by appellee. We are of the opinion that such construction, in the first place, was not intended by the Gen-

Commonwealth, By McElroy, Sheriff v. Walsh's Trustee.

eral Assembly; and, second, if so intended, it had no power to grant the exemption. In the case of Franklin County Court, etc., v. Deposit Bank of Frankfort, 87 Ky. 370, 9 S. W. 212, 10 R. 506, this court said: "It may be regarded as settled by the current of authority, and for the purpose of this investigation we will concede that it is so settled, that the appellee's capital stock and the shares of its stock are distinct things. * * * The shareholder is entitled only to share in the profits. So the capital stock and the shares of capital stock are distinct things, and both may be taxed."

Appellee's counsel conceded this principle; but says that the General Assembly had the power to exempt appellee's stock from taxation, and it did so by the section referred to. The meaning of the section referred to is that so long as a corporation pays the taxes on the corporate property and franchise, as therein provided, the stockholders of the corporation shall not be required to list and pay taxes on their shares. But when it says to pay taxes on the corporate property it was not intended to mean that when the corporation pays taxes on 1 per cent. of the value of the corporate property the stockholder should be relieved from taxation. Manifestly the meaning of the statute and the obvious intention of the General Assembly was to recognize the rule that the shares of stock in a corporation were subject to taxation, and should pay their proportion of revenue to the State. Each one of the shares of stock represent an interest in the entire property of the corporation wherever it may be situated, and if all the property of the corporation was in Kentucky, and the taxes paid thereon in Kentucky, the General Assembly seemed to realize that in such a case to require the shareholders also to pay taxes on their stock would be double taxation. It is conceded that shares of stock in a foreign corporation, which is not doing business in this State, nor paying taxes here, owned by a resident of this State, are subject to taxation; but

it is contended that such shares of stock are exempt, provided the foreign corporation does business and pays taxes to the State, and it matters not how infinitesimal the amount as compared to the whole of its property throughout the States. Such construction of the statute was never intended by the General Assembly. In the case of Commonwealth, by, etc., v Lovell Jr.'s Trustee, 125 Ky. 491, 101 S. W. 970, 31 Ky. Law Rep. 105, this court said: "As the case must be reversed for the error pointed out, we think it is proper to say that, on the merits, the stock owned by the trustee in the foreign corporation was not exempt from taxation, because the foreign corporation paid taxes on certain real property in this State. Section 4088, Ky. St. 1903, upon which the theory of exemption is based, is as follows: 'The individual stockholders of the corporation which are, by this article, required to report and pay taxes upon the corporate franchise shall not be required to list their shares in such companies so long as the corporation pays the taxes on the corporate property and franchise as herein provided.' The foreign corporation does not pay taxes to this State upon its corporate franchise, or upon any of its personal property, and therefore its shares of stock do not come within the purview of the statute. In the case of Sturges v. Carter, 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240, the Supreme Court of the United States, in reviewing the statute of Ohio, substantially the same as section 4088 of our statute, and where the same question we have here arose, said: 'The exemption from taxation of investments in stocks, provided by the statute, applies only to shares of those corporations which are required to return their capital and property for taxation in the State. * * * This means clearly those corporations which are required to return all, or substantially all, their capital and property. There is no rule of interpretation by which the statute can be held to apply to corporations who list only a small part of their property for taxation in Ohio.' " In the case of the City of Lexington, etc., v. Walsh's Trus-

tee, 102 S. W. 891, 31 Ky. Law Rep. 446, the appellee
being the same as in this case, the court said: "It
may not be inappropriate to say that in our opinion
the court erred to the prejudice of the city in holding
the $80,000 of the Western Union Telegraph Com-
pany stock not assessable in the hands of the ap-
pellee; but as the city did not prosecute a cross-ap-
peal, we are powerless to correct it. It seems to us,
upon the whole case, that the appellee had been
charged with a much less sum than it should have
been. Commonwealth, by, etc., v. Mrs. H. L. Lovell,
Jr.'s Trustee, opinion rendered April 26, 1907,
125 Ky. 491, 101 S. W. 970, 31 Ky. Law Rep.
105; Sturges v. Carter, 114 U. S. 511, 5 Supt.
Ct. 1014, 29 L. Ed. 240." The Supreme Court
of the United States, in the case of Sturges
v. Carter, 114 U. S. 511, 5 Sup. Ct. 1014, 29
L. Ed. 240, in construing the statutes of Ohio, which
in substance and effect are the same as our statutes
upon this subject, said: "The plaintiff in error relies
upon an exemption contained in the main subdivision
of the third section of the act, which reads as fol-
lows: '(9) Each individual in this State may hold
exempt from taxation personal property of any de-
scription, of which the individual is the actual owner,
not exceeding fifty dollars in value; * * * no person
shall be required to include in his statement, as a part
of the personal property moneys, credits, investments
in bonds, stocks, joint stock companies, or otherwise,
which he is required to list, any share or portion of
the capital stock or property of any corporation or
company which is required to list or return its capi-
tal and property for taxation in this State.' Swan
& C. Rev. St., Section 1441. Section 59 of the same
act provides that 'no person shall be required to list
for taxation any certificate of the capital stock of any
company, the capital stock of which is taxed in the
name of the company.' "

As the finding of the circuit court shows that a part
of the property of the Western Union Telegraph
Company was in the State of Ohio, and that it paid

taxes on the same to the State, the plaintiff in error insists that the shares of stock held by him in the company were exempt from taxation by the clause of the act of April 5, 1858, which we have quoted. This contention cannot be sustained. The law taxes the shares of the plaintiff in error unless they are "expressly exempted." The burden is on him to show an express exemption. There is no exemption unless the payment by the Western Union Telegraph Company of the tax imposed on its property situated in the State, and which the finding of fact made by the circuit court show was but a small part of the whole property, relieves from taxation its shares held by a resident of the State. It may be conceded that generally the capital or the capital stock is its property. Bank Tax Case, 2 Wall. (69 U. S.) 200, 17 L. Ed. 793; Nat. Bank v. Commonwealth, 9 Wall (76 U. S.) 353, 19 L. Ed. 701. But the shares held by the stockholders are distinct from the capital stock of the corporation, and the taxation of both is not necessarily double taxation. Farrington v. Tennessee, 95 U. S., 679, 24 L. Ed. 558; Dewing v. Perdicaries, 96 U. S., 193, 24 L. Ed. 654; Bradley v. Bauder, 36 Ohio St. 28, 38 Am. Rep. 547. The claim therefore of the plaintiff in error is to the exemption of a certain class of his property from taxation. But it has been repeatedly held by this court that an exemption from taxation must be expressed in clear and unmistakable terms, and cannot be shown by doubtful or ambiguous language. Providence Bank v. Billings, 4 Pet. 514, 7 L. Ed. 939; Gilfillan v. Canal Co., 109 U. S., 401, 27 L. Ed. 977.

The case therefore depends upon the construction of the statute. The Supreme Court of Ohio has decided that shares owned by a resident of Ohio in a foreign corporation, none of whose capital was taxed in Ohio, but all of it in the State where the corporation had its home, was taxable in Ohio. Bradley v. Bauder, supra. The controversy on this part of the case is therefore reduced to the question whether

the Legislature has clearly and unmistakably expressed the purpose in the act under consideration to exempt from taxation shares in a foreign corporation owned by residents of Ohio, when but a small part of the property of the company was subject to taxation in Ohio. The exemption from taxation of investments in stocks, provided by the statute, applies only to shares of those corporations which are required to return their capital and property for taxation in the State. Jones v. Davis, 35 Ohio St. 474. This clearly means those corporations which are required to return all, or substantially all, their capital and property. There is no rule of interpretation by which the statute can be held to apply to corporations who list only a small part of their property for taxation in Ohio. If the Legislature had intended to allow an exemption in such a case, it could and would have expressed that purpose by words not admitting of doubt. As the shares of the plaintiff in error in the Western Union Telegraph Company were not only not expressly, but not even by fair implication, exempted from taxation, we are of the opinion that the tax complained of was authorized by law.

Even conceding that the General Assembly in the enactment of Section 4088 intended to relieve the shares of stock in a case like this, from taxation, did it have the power to do it? By Section 171 of the Constitution it is provided that taxes should be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, and by Section 170 it is provided what property is exempted from taxation. It is certain that appellee's property sought to be taxed herein is not included within the exemptions, and by Section 171 the property is required to be assessed for taxation. By these provisions the General Assembly is clearly limited in exempting property from taxation; and if it intended to require only a small part of the personal property subject to taxation to be assessed, as in this case 1 per cent., it clearly had not the power to do it,

and if so intended, the section of the statute referred to is void to that extent.

For these reasons the judgment of the lower court is reversed, and remanded for further proceedings consistent herewith.

OPINION OF THE COURT BY JUDGE O'REAR—Withdrawing former opinion and affirming the judgment of the Circuit Court March 25, 1909.

The sole question on this appeal is whether 500 shares of the capital stock of the Western Union Telegraph Company held by appellee at the several assessment periods for taxation for the years 1902, 1903, 1904, and 1905 were by the laws of Kentucky subject to taxation. It is agreed that appellee owned the stock in the several years named, and did not list it for taxation, and that each share of stock was worth $90. The lower court held the shares to be non-taxable, and the Commonwealth has appealed. The corporation itself, the Western Union Telegraph Company, fully complied with the laws of Kentucky governing the taxation of foreign corporations doing business and exercising a franchise within this State. It made reports to the State board of valuation and assessment conforming in all respects to the law as the basis of the assessment of its franchise as provided by law, which reports were approved and accepted by the State board, and that the corporation had paid in full the State, county, and city taxes due on the assessment, and all taxes due on tangible property owned by it in this State. It is conceded that only about 1 per cent. of the property of the Western Union Telegraph Company is situated and taxed in the State of Kentucky, and 99 per cent. of it is situated and taxed in other States.

It is contended by counsel for appellee that Section 4088 of the Kentucky Statutes (Russell's St., Sec. 6061) exempts from taxation the shares of stock of that corporation in the hands of its stockholders. The section reads as follows: "The individual stockholders of the corporations which are, by this article,

Commonwealth, By McElroy, Sheriff v. Walsh's Trustee.

required to report and pay taxes upon their corporate franchises shall not be required to list their shares in such companies so long as the corporations pay the taxes on the corporate property and franchise as herein provided." There are two kinds of corporations treated of in our statutes on revenue and taxation. One kind is that which has or exercises some special or exclusive privilege or franchise not allowed by law to natural persons, or performing some public service, many of which are named, but all classified as corporations which must pay a franchise tax "in addition to other taxes imposed by law" (Sec. 4077, Ky. St.), the other is the commercial corporation which enjoys no privelege not exercised by natural persons, and which does not pay a franchise tax. Louisville Tobacco Warehouse Co. v. Com., 106 Ky. 165, 49 S. W. 1069, 20 R. 1747, 57 L. R. A. 33; Sec. 4085, Ky. St. Not a little confusion has existed as to what the franchise is, that it is subjected to taxation by the statute. But from the first decision of this court, construing it (Henderson Bridge Co. v. Commonwealth, 99 Ky. 623, 31 S. W. 486, 17 R. 389) to the latest and consistently throughout, it has been held that the tax laid upon the corporate franchise is a property tax purely, and is in fact the taxation of all the intangible property of the corporation, including its capital. Throughout the whole scheme of taxation adopted by this State there is an evident purpose to avoid double taxation, not alone in not taxing the same property twice in the same year for the same purpose, but as well in not taxing the same thing, whatever its form, twice in the same year for the same purpose. Double taxation is recognized as oppressive, and, where it is imposed upon some classes of property and not upon others, works an inequality that is fundamentally vicious. While the Constitution requires that all property shall be taxed (Const., Sec. 171) and the General Assembly is prohibited from exempting any property from taxation not specifically exempted by Section 170 of the Constitution, it is not required that every phase

of property shall be taxed. Nor is it. Nor has it ever been. Property is the right to or interest in a thing. A life tenant owns property in land; so does the remainderman; so does the reversioner; so does the tenant for a term of years. Yet there is but the one thing. A corporation owns land. All its capital is invested in the land. The corporation owns its capital stock. The shareholders own each their share of capital stock. Each is property. Yet, there is but one thing. When the thing itself is taxed at its full value, every element of it is made to bear the tax. The whole includes all its parts. When the State lays a tax upon the whole, it has made each of its constituent parts contribute to the support of the government. The manner of classifying property for purposes of taxation, so as to tax all that is not exempted by the Constitution, is a matter left to the legislative wisdom. While it would be permissible without double taxation as that term is used, to tax the corporation upon its capital, and the shareholder upon his share, or the life tenant upon his estate, and the remainderman upon his, whether the State should resort to that form, or to the simpler one of taxing once and at full value the thing which represents the various properties based upon it, is a matter of legislative discretion always. It may be remarked that no State taxes every right or interest in things which the law recognizes as property. On the contrary, the general course is to lay the tax upon the thing itself, whether land, chattel, chattel real, or chose in action, without noticing the various minute subdivisions of property that may be carved out of or imposed on the thing, upon the notion that property for purposes of taxation is the sum of its various estates and rights. Instances occur where the particular estates or interests each are taxed. But they are comparatively rare, and upon examination will be found to present exceptional reasons for the legislative action in seggregating the principal thing into parts for the purpose of taxation. As we have said, and repeated, a corporate franchise for purpose of

taxation is the sum of its intangible property. The Legislature might have directed the constituents of the franchise to have been assessed separately, as for example, its capital, its surplus, its choses in action. But it has seen proper, instead, to group these things into one, and tax the sum. In no instance does the State require the corporations and the shareholder to each pay the tax upon the actual property, the title to which is in the corporation. On the contrary, it is expressly provided in every instance that, where one pays the tax, the other need not. It is a misnomer to say that that is an exemption from taxation. It is not. It is choosing the form of the property from among several forms it may have assumed, which the State prefers for its own convenience and security to lay the tax upon.

Domestic and foreign corporations that pay a franchise tax are assessed alike. Where they are common carriers, or telegraph, or telephone companies, whose lines extend into other States also, the concerns are capitalized by the length of their lines and amount of earnings in and out of Kentucky, and the proportion the part in Kentucky bears to the whole is deemed to represent all the intangible property of the concerns in Kentucky, including its capital employed here. Section 4081, Ky. St. (Russell's St., Sec. 6054). As a matter of fact none of their shareholders may be citizens of Kentucky, or some or all may be. The Legislature, pursuing a consistent course in the treatment of corporations doing business in the State has selected the phase of that property which the corporation owns and employs here, which is the easiest to find, and most certain to be reached, and taxed it in lieu of the other phases of property which it may have assumed. No corporation operating a railroad or telegraph line in this State could conceal the fact. Any one owning shares in such corporation might easily conceal the fact of his ownership, and thereby escape taxation on his shares. The Legislature has laid hold of the substance, and

ignored its shadow. When the corporation has paid the tax on its franchise, and on its tangible property in this State (which it is also required to do), it has paid on all its property in this State, including all its capital employed here whether the shares be own- -ed by citizens of this State or not. The shares owned by appellee gave the right to share in the dividends from the earnings of all the corporation's proper- ties, whether in or out of Kentucky. But the State was ignoring the shares here in- order to justify its taxing the capital here; the latter being deemed the most certain and feasible subject of taxation. Its course included taxing that which was represented by and had the equivalent in value of the evidence of the property held by appellee. As a matter of fact, the franchise of the Western Union Telegraph Com- pany assessed in Kentucky is something near $1,000,- 000. How much of the capital stock is owned by citizens of Kentucky is not shown, nor is there any feasible way of finding out. While it is true that the State may have taxed the franchise, which includes the capital of the corporation, and taxed also the shareholder upon his shares (Franklin Co. Ct. v. De- posit Bank, 87 Ky. 370, 9 S. W. 212, 10 R. 506), it has not done so. On the contrary, it has expressly said (Ky. St., Sec. 4088, supra) that so long as the corporation pays taxes upon its corporate franchise and property the shareholder shall not be required to list his shares in such company. Commonwealth v. Lovell, Jr's Trus- tee, 125 Ky. 491, 101 S. W. 970, 31 R. 105, is thought to sustain a contrary view. But it does not. In that case the opinion discloses that the corporation did not pay a tax in this State upon its franchise, but did pay taxes upon its tangible property here. It was held that Section 4088, Ky. St. (Russell's St., Sec. 6056), did not apply in such State of case. To that construction we still adhere. City of Lexington v. Walsh's Trustee, 102 S. W. 891, 10 R. 506, 31 Ky. Law Rep. 446, is also cited, wherein it was observed, inter. alia: "It may not be inappropriate to say that in our opinion the court erred to the prejudice of the

city in holding the $80,000 of the Western Union Telegraph Company stock not assessable in the hands of the appellee, but, as the city did not prosecute a cross-appeal, we are powerless to correct it. It seems to us upon the whole case that appellee had been charged with a much less sum than it should have been. Commonwealth, by, etc., v. Mrs. H. L. Lovell's Trustee (opinion rendered April 26, 1907), 125 Ky. 491, 101 S. W. 970, 31 R. 105; Sturges v. Carter, 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240." The excerpt quoted and relied on shows without referring to the other parts of|the opinion that it is obiter dictum. The opinion in Sturges v. Carter, 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240, has been cited as sustaining the appellant's view of this case. There the question for decision was the construction of a tax statute of Ohio which read: "No person shall be required to include in his statement, as a part of the personal property, moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise, which he is required to list, any share or portion of the capital stock or property of any corporation or company which is required to list its capital and property for taxation in this State." Another section of the Ohio statute reads: "No person shall be required to list for taxation any certificate of the capital stock of any company, the capital stock of which is taxed in the name of the company." The Western Union Telegraph Company did not pay taxes in Ohio upon its capital, or any part of it, and paid taxes on a small part only of its tangible properties—the part actually situated in Ohio. The Supreme Court of the United States followed the Supreme Court of Ohio in construing the statute of that State (Bradley v. Bauder, 36 Ohio St. 28, 38 Am. Rep. 547), which had declared that shares owned by a resident of Ohio in a foreign corporation, none of whose capital was taxed in Ohio, but all of it in the State where the corporation had its home, was taxable in Ohio, and followed the latter case in the State Supreme Court (Jones v. Davis, 35 Ohio St. 474), holding that the

statute exempting the shareholder applied only to shares of those corporations which were required to return their capital and property for taxation in the State, and consequently held that the holder of the Western Union shares in Ohio was taxable upon his shares, as that company was not one which paid the capital stock tax.

Sturges v. Carter is in line with Commonwealth v. Lovell, Jr's, Trustee, supra. The case we have here is entirely different. Our statute provides that, if the corporation "pay the taxes on the corporate property and franchises as herein provided," the shareholder shall not be required to pay. Section 4088, Ky. St., supra. The corporation, the Western Union Telegraph Company, did pay taxes on its franchise and property in Kentucky, as provided in that section and the preceding sections alluded to in it. In applying our statutes relating to the assessment of corporate property one course only is allowed. Either the property which is to be taxed must be treated as is above indicated, and assessed to the corporation, or, if it fails to list it, then to the shareholders as the statute requires, or we must hold our statute to be unconstitutional, and say that every form of property which the law recognizes as property must be assessed under the requirements of the Constitution that all property must be assessed. In the latter event it would result that every corporation should pay taxes upon all its tangible property, and bonds, notes, and choses in action, also upon all its capital stock, and that each shareholder in this State should pay taxes upon each share of the capital stock of every corporation owned by him. This would apply as well to domestic as to foreign corporations. What is property in one is property in the other, and the Constitution respecting taxation means the same thing to each. Nor can we find any warrant for saying that, if a substantial part of the corporate franchise, or capital is paid upon in Kentucky, then the shareholder need not list his shares here. The statute makes no distinction between corporations that pay

upon all, or a majority, of the stock as a part of their franchise in this State, and those that pay upon less than a majority. In truth the very requirements of the statutes regulating the proportion of the franchise that is deemed as being owned in Kentucky shows that the Legislature contemplated that any part of it might be owned and enjoyed beyond the jurisdiction of this State, and that the purpose was to tax that only which was here, and that in every instance, without exception, where the franchise and property tax is paid by the corporation, that that settled the bill, and the shareholder need not bother about it.

Unless we should read into the statute a qualification which the Legislature did not place in it, namely, that if the corporation should pay on its franchise and property as herein provided, and if the franchise and property so paid upon is a substantial part of all its property and capital, then the shareholder shall not be required to list his shares, it is impossible to uphold the effort to tax these shares in appellee's hands.

The opinion delivered herein December 13, 1907, is withdrawn, a rehearing is granted, and the judgment of the circuit court is affirmed.

Nunn, J., dissenting.