CASE 78.—SEPARATE PROCEEDINGS BY THE ·COMMON-
        WEALTH, BY AUDITOR'S AGENT, AGAINST W. A.
        STEELE AND J. H. HICKMAN TO COMPEL THE
        LISTING OF OMITTED .PROPERTY FOR TAXA-
        TION.—October 15.

# Commonwealth v. Steele

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From the judgment the Commonwealth Appeals.—
Affirmed.

1.  Taxation.— Corporate  Stock — Assessment. — Corporate  stock
    subject to assessment for taxation should be listed at its
    market value, which includes the face and premium values.
2.  Same.—Under Ky. Stats. 1903, section 4085, providing that
    property of corporations shall be assessed in the name of the
    corporation, and so long as it pays the taxes the stockholders
    ·shall not be required to list their shares, the commonwealth
    must first proceed against the corporation, and where it
    seeks to list corporate stock in the hands of stockholders it
    must show that it first proceeded against the corporation, or
    it will be presumed that the corporation listed its property
    as required by law.

ELI H. BROWN AND J. R. HAYS, attorneys for appellant.

A franchise paying corporation is forced under our law to pay
tax on all its capital, whether invested in tangible property or
not, at its earning capacity, and if a non-franchise paying cor-
poration or its stockholders, is to escape taxation on every thing
except its tangible property, and thus its stockholders escape
taxation on the stock they own, this record discloses the bad
business judgment of the investment of funds in a f.anchise pay-
ing corporation, because only a few franchise corporations have

Commonwealth v. Steele.

such values of stock as the records in this case show this stock has, and if the contention of appellee is sustained and their stock held exempt from taxation our statute thus provides for the exemption of a vast volume of producing wealth in this state, instead of requiring uniformity of taxation as required by our Constitution.

## AUTHORITIES CITED.

Constitution of Ky., section 172; Henderson Bridge Co. c. Commonwealth, 99 Ky., 623; Ky. Stats., section 4085; Commonwealth v. C. & O. Ry. Co., 25 Ky. Law Rep., 1128; Marion Nat'l Bank v. Burton, 28 Ky. Law Rep., 864; Bank of Commerce v. State of Tenn., 161 U. S. (40 L. Ed., 649); Owensboro Nat'l Bank v. Owensboro, 173 U. S. (43 L. Ed., 851).

J. D. ATCHISON, attorney for appellees.

## POINTS AND AUTHORITIES.

First.—The owners of shares of stock in corporations which are not required to pay a franchise tax, as well as the owners of stock in corporations which do pay a franchise tax, are not required, under the laws of the State of Kentucky, to assess their shares of stock for taxation.

Second.—In all cases where the shares of stock are exempt from taxation, then any premium that said stock may sell for in the market over and above its par value is also exempt from taxation. Ky. Stats., sections 4077 and 4078; Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky., 165; Providence Banking Co. v. Webster County, etc., 108 Ky., 527; Aetna Life Insurance Co., etc., v. Coulter, Auditor, etc., 115 Ky., 799; Ky. Stats., section 4088; Commonwealth v. Thomas, 119 Ky., 215; Ky. Stats., section 4085; Muir's Committee v. Commonwealth, 14 Ky. Law Rep., 478; Louisville Savings Bank v. Commonwealth, 14 B. Monroe, 329; Ky. Stats., section 14, article 6, title "Revenue and Taxation;" Commonwealth v. First Nat'l Bank of Louisville, 4 Bush, 98; Act of Legislature of February 9, 1865 (Myer's Supplement to Revised Statutes, 482), section 1; 2 Revised Statutes, ch. 83, section 1, article 2, p. 239; 2 Revised Statutes, ch. 83, article 10, 266, section 1; Louisville & Evansville Mail Line Co. v. Barbour, Sheriff, etc., 88 Ky., 73; Whittaker, Auditor's Agent, v. Brooks, 90 Ky., 68; Board of Councilmen of City of Frankfort v. Fidelity Trust & Safety Vault Co., 23 Ky. Law Rep., 908; Calla-

han, Sheriff, v. Singer M'f'g Co., 29 Ky. Law Rep., 123; L. & N.
R. R. Co. v. Johnson, etc., 11 Ky. Law Rep., 118; Livingston, etc.,
v. City of Paducah, 80 Ky., 659.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSONER—Affirming.

These proceedings were instituted in the Daviess
county court by the auditor's agent to compel the list-
ing by appellees of certain omitted property. The
same questions are involved in each case, and they
will be considered together. The petition charges
in each instance that the appellee therein referred
to was the owner, on the 15th of September of the
years 1899, 1900, 1901, 1902, 1903, and 1904, of money,
certificates, bonds, mortgages, and stock in various
corporations, none of which paid or was liable for a
franchise tax, of the value of $125,000, and that none
of said property was listed for taxation. After
demurrers were overruled and certain preliminary
motions were disposed of, answers were filed denying
the allegations of the petitions. Upon the hearing, it
developed that each of the appellees was the owner
for the years mentioned of a large amount of stock
in the Owensboro Wagon Company, a corporation
organized under the laws of the state of Kentucky,
and that this stock was worth more than par. The
county court then adjudged that the premium alone
on the stock holdings of each of appellees should be
listed for the years 1900, 1901, 1902, 1903, and 1904.
Upon appeal, the judgment of the county court was
reversed by the Daviess circuit court; the latter court
holding that neither the shares of stock nor the
premiums thereon were subject to taxation, and that
there had been no omission by either of the appellees
in giving in their property for assessment for the

years mentioned in the proceedings. From that judgment the Commonwealth has prosecuted this appeal.

We know of no rule of law by which the premium on stock may be listed for taxation unless the stock itself is subject to assessment. A share of stock cannot be separated into premium and par value for the purpose of taxation. If the stock is subject to assessment at all, it should be listed at its fair market value, which necessarily includes the face value of the stock as well as its premium value, if it be selling above par. The real question before us is to determine whether or not, under the law and circumstances of these proceedings, the stock in the hands of appellees during the years mentioned should be listed for taxation by them. The Owensboro Wagon Company, whose stock is owned by appellees, is not a franchise corporation, but what is known as a business or trading corporation. The law applicable to such corporations is found in section 4085, Ky. St. 1903, which is as follows: "The property of all corporations, except where herein differently provided, shall be assessed in the name of the corporation in the same manner as that of a natural person, except that when legally called upon, the chief officer shall report a full statement of the property of such corporation for taxation, and for a failure, shall be subject to the penalties in this article provided; and so long as said corporation pays the taxes on all its property of every kind, the individual stockholders shall not be required to list their shares in said corporations." It will be observed that the statute requires that the property of all corporations like the one in question shall be assessed in the name of the corporation in the same manner as that of a natural person. The primary liability is therefore placed

upon the corporation. The stockholder becomes liable only in the event that the corporation fails to pay its taxes. Now, it cannot be contended that as a general rule it is within the power of the stockholder to compel the corporation to list its property. There may be instances, it is true, where the stockholder owns the majority of the stock, or, together with others, exercises a controlling voice in the management of the affairs of the corporation, but in by far the greater number of cases the individual stockholders, scattered here and there over the state, are utterly powerless to compel obedience from the corporation. On the other hand, the Commonwealth is provided with stringent laws and numerous agencies by which the corporation may be compelled to list its property. The responsibility therefore should be placed where the power lies. For these reasons, we think that a reasonable interpretation of the statute makes it incumbent upon the Commonwealth first to proceed against the corporation. If the corporation fails to pay its taxes, then, of course, the shareholders become liable. Any other rule would be unjust to the stockholder. The corporation might list its property for a number of years, and then arbitrarily refuse to do so. The stockholder who had not given in his stock for the particular year when the corporation stopped listing its property, because the corporation had been regularly complying with the law for the preceding years, and he had every reason to believe that it would continue to do so, would certainly be subjected to great hardship. He would have to pay all the penalties provided by the statutes, and thus suffer for the derelictions of others over whom he had no control. We therefore are of the opinion that in proceedings like these, where it is sought to list corporate stock

in the hands of the stockholder, it should affirmatively appear from the record that the Commonwealth has first proceeded against the corporation. In the absence of such showing, the court will presume that the corporation did its duty by listing its property as required by law. As the record in these cases does not show that the Commonwealth first proceeded against the corporation, the action of the circuit court in reversing the judgment of the county court was proper.

Judgment affirmed.