**Commonwealth, ex rel Arthur E. Hopkins, Revenue Agent v. Fidelity Trust Co. as Trustee of Dennis M. Long's Estate.**

(Decided February 21, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Corporations—Holders of Stock in Need Not List for Taxation When Corporation Has Paid Taxes Due—Action by Auditor's Agent.— In an action by the Auditor's Agent to tax certain shares of stock as the property of Dennis M. Long's estate; Held, That whether franchise or non-franchise in nature, need not list nor pay taxes upon their shares of stock when the corporation in which the stock is held has paid all taxes due from it, and assessable against it, upon its property located in the State of Kentucky, whether that property be realty, personalty, tangible or intangible, or franchise in nature.

RICHARD PRIEST DIETZMAN and ARTHUR E. HOPKINS for appellant.

HELM BRUCE, BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

This appeal comes up from a refusal of the Jefferson Circuit Court, on appeal from the Jefferson County Court, to tax, at the instance of an Auditor's agent, certain shares of stock, the property of the Dennis M. Long

estate, in the United States Cast Iron Pipe & Foundry Company.

The sixth paragraph of the answer of the trustee of Long's estate sets up in substance that the corporation, the United States Cast Iron Pipe & Foundry Company, paid the taxes on all its property of every kind, and that its individual stockholders were, therefore, not required to list their shares for taxation; that it was a New Jersey corporation, owning a large amount of property outside of as well as in Kentucky, owning and operating large manufacturing plants in Kentucky and in other States; that it duly listed its property in Kentucky for taxation, and paid all the taxes due by it on all its property in Kentucky. This paragraph then gave in detail the amount at which the property was assessed, and upon which the tax payments were made. The defendant's effort was to bring its case within the facts creating the stockholders' immunity from taxation, prescribed by Section 4085, Kentucky Statutes, which is as follows:

"The property of all corporations, except where herein differently provided, shall be assessed in the name of the corporation in the same manner as that of a natural person, except that, when legally called on, the chief officer shall report a full statement of the property of such corporation for taxation, and, for a failure, shall be subject to the penalties in this article provided; and so long as said corporation pays the taxes on all its property of every kind, the individual stockholders shall not be required to list their shares in said corporation."

This paragraph also alleged that the corporation had paid its license tax of thirty cents per one thousand dollars on that part of its authorized capital stock represented by its property in, and business done in, Kentucky. Demurrer was interposed to this paragraph of the answer. Upon consideration it was overruled, and the statement or petition was dismissed as to the capital stock in this corporation. The Commonwealth appeals. The determination of the case is one of statutory construction.

The general subject of taxation of corporations is treated of in Article IV of Chapter 108 of the Kentucky Statutes. Section 4077 of the Statutes, the first section of the chapter named, provides for the payment of a franchise tax by railway, guarantee, gas, water, ferry, bridge, street railway, electric light, power, telephone, telegraph, and all like corporations, including those ex-

ercising special privileges, or performing public services—in short, that now well-recognized general corporate class known as "franchise" corporations. Sections 4078 to 4084 inclusive, provide the method of ascertaining franchise values, and the manner of assessing and collecting taxes on them. Section 4085, quoted above, then enlarges the subject and deals with all corporations of a general nature, declaring their property to be subject to taxation in the same manner as the property of natural persons. Then, there runs the exemption, claimed by appellee here, in these words: "So long as said corporation pays the taxes on all of its property of every kind the individual stockholders shall not be required to list their shares in said corporation."

Sections 4086 and 4087 have to do with the manner of payment of taxes by corporations, and the infliction of penalties upon such corporations as fail to make proper report and showing of their affairs for taxation purposes. Then, Section 4088 reverts again to "franchise" corporations, and stockholders in them, providing as follows:

"The individual stockholders of the corporations which are, by this article, required to report and pay taxes upon the corporate franchise shall not be required to list their shares in such companies so long as the corporations pay the taxes on the corporate property and franchises as herein provided."

The entire subject is one of recent and modern legislation, and we have not the benefit of any direct discussion by this court of the question now before us, nor of any such contemporaneous and established construction as to serve as a guide in our search for the true ascertainment of the legislative will. Section 4088, however, upon the question of a stockholder's liability for taxation upon his shares of stock in a franchise corporation, has been at length considered by this court. In Commonwealth vs. Walsh's Trustee, 133 Ky., 103, it was considered whether 500 shares of stock in the Western Union Telegraph Company, the property of a citizen of Fayette county, was subject to assessment. It was agreed that the Western Union Company was a "franchise" corporation, and that it had complied with the statutory demands in respect to reporting and paying taxes upon its "franchise." Only about one per cent. of the property of the Western Union Company was

situated and taxed in Kentucky, the remaining ninety-nine per cent. being situated and taxed in other States. On December 13, 1907, this court delivered an opinion in the case. It held in brief that the exemption in Section 4088 applied only to stockholders in corporations all, or substantially all, of the property whereof was situated in, and tax paid in, Kentucky. It redeclared the principle that stock in a corporation was property, separate and apart from the property of the corporation as such, and that the legislative effort to exempt the stock from taxation, if such an effort could be inferred from the Statute, was unconstitutional, as not being within the exemptions specified in Section 170 of the Constitution. A petition for rehearing was filed, and the rehearing allowed. On March 25, 1909, the first opinion was withdrawn, and another handed down. In the latter opinion it was held in brief that since the Western Union "franchise" corporation had paid its taxes upon its franchise and tangible property in Kentucky, its stockholder was exempt from taxation upon his stock, without respect to the proportion of the corporation's property which might be in, and which might be tax-paid in, Kentucky; and that the Legislature, having, and having exercised, the right to tax the property of the corporation as an entity, instead of the individual interests of the shareholders in that property, had exempted no property from taxation, within the meaning of Section 170 of the Constitution.

Section 4088 was discussed in the case of Commonwealth vs. Lovell, 125 Ky., 491. Unfortunately it does not appear in the opinion whether the corporation, the stock of which was sought to be assessed, was a "franchise" corporation; though, since the opinion discussed it in connection with Section 4088, it evidently was a "franchise" corporation. The opinion remarked that the corporation paid taxes on certain of its real property, but paid none upon its franchise; and that, since it did not pay upon its franchise, its individual stockholders were liable upon their shares. The second opinion in the Walsh case, supra, remarks that the Lovell case establishes no doctrine contrary to the views expressed in the Walsh case. The Walsh second opinion likewise disposes of a seemingly contrary expression in City of Lexington vs. Walsh's Trustee, 102 S. W., 891, by pointing out that the expression was obiter dictum.

In Commonwealth vs. Harris, 118 S. W., 294, the pro-

ceeding, inter alia, was to subject to taxation shares of the capital stock owned by Theodore Harris, in the Louisville Home Telephone Company. The record disclosed that this company had paid taxes upon all its property in Kentucky, and upon its "franchise." The shares were held not liable, under the authority of the Walsh case.

Commonwealth vs. Chesapeake & Ohio Ry. Company, 116 Ky., 951, refers to these statutes, but only in a way incidental to the question of the situs of such property for taxation.

Section 4085 has been mentioned briefly, but without much consideration, in several cases. In Langdon-Creasy Company vs. Trustees of School District, 116 Ky., 562, it was held to show that the situs of taxation of a corporation's property was the same as the situs of an individual's property, the home, or residence.

In Commonwealth vs. Steele, 126 Ky., 670, the stock sought to be assessed as stock, independent of the assessment by the corporation, was that of the Owensboro Wagon Company, a domestic non-franchise corporation. It was held that the Commonwealth could not enforce the individual stockholder to list his shares, until it had first proceeded against the corporation in an effort to assess the property of the corporation, as such. It was said that the primary liability was upon the corporation, and that the stockholder became liable only in the event of its failure to pay. This significant statement must be considered, however, with the knowledge in mind that, so far as the record discloses, the entire property of the Wagon Company was in Kentucky.

The case of Commonwealth vs. Ames, 106 S. W., 306, was affirmed upon the authority of Commonwealth vs. Steele, supra.

We now come to the case of Commonwealth vs. Ledman, 127 Ky., 603, decided December 18, 1907. As a first declaration of the Ledman case, it may be said that it decides that Section 4085 supra, applies alike to all corporations, foreign or domestic, and that so far as the Statute is concerned, it is immaterial whether the corporation is foreign or domestic. It then holds that as some ninety-nine per cent., or practically all of the property of the corporation there discussed, was located in Kentucky, Ledman's shares of stock in the corporation were not subject to assessment under Section 4085. This position was assumed by the court, in its general

discussion of the facts involved in the taxation question
there. It was not argued out as a principle of law, or
as a discussion of the intent or meaning of the statute.
Yet, by the indirect statement quoted, it seemingly as-
sumed that the individual stockholders of a non-fran-
chise corporation would have to pay taxes upon their
shares, unless all, or substantially all of the corporate
property were tax-paid in Kentucky. It therefore es-
tablished a rule different from that declared in the final
opinion in the Walsh case, as to franchise corporations.
The distinction is without foundation, and both cases
cannot stand. The Ledman case was written only five
days after the handing down of the first (and subse-
quently withdrawn) opinion in the Walsh case. The ar-
gument, discussion, and decision in that case were fresh
in the minds of the court when the Ledman case was
written. It adopts certain ideas of the first opinion in
the Walsh case (though without referring in terms to
that opinion) as settled. No petition for rehearing was
filed in the Ledman case, nor was attention called to it
or reference made to it in the final opinion in the Walsh
case. Insofar, therefore, as it is in conflict with the
Walsh case, it is no longer to be regarded as authority.

The two sections of the statute are, it is true, not
dependent one upon the other; and, yet, there is no dif-
ference in the spirit and purpose of them insofar as
affects the liability of the shareholders' stock to taxa-
tion, whether the same be in franchise or non-franchise
corporations. The difference between them is manifest
only in the words used in framing the two sections of
the statute. It has become settled that insofar as this
chapter of our taxing law is concerned, there is no dif-
ference between a domestic and a foreign corporation.
The construction demanded by the Commonwealth,
therefore, would lead us to the position that if a Ken-
tucky manufacturing or trading non-franchise corpora-
tion were, at any time, in the pursuit of its lawful busi-
ness, to become the holder of any considerable property
outside of the State of Kentucky, the holders of its
shares of stock would at once have to list same for taxa-
tion; whereas, if the corporation should confine its prop-
erty holdings entirely to Kentucky, its shareholders
would not need to list their shares nor submit to a tax
upon them. The Legislature can hardly have meant to
create so unjust a condition. The construction claimed
would mean that the Kentucky plant, in order that its

shares might not be a separate subject of taxation, must restrict its operations, or rather its property holdings, entirely to the State; and thus be denied the opportunities which thrift and enterprise might give to it by establishing itself in other States as well.

The analogy between the franchise and non-franchise corporations, insofar as the provisions of our revenue laws are concerned, is clear and inescapable, under the construction which we place upon them. Each class of corporations must pay the taxes upon its property in Kentucky, whether that property be realty, personalty, or that intangible species of wealth known as a franchise. An orderly system of taxation is thus worked out, pursuant to legislative will; for when we have noted the similarity of the obligations imposed, both upon domestic and foreign corporations, franchise and non-franchise, and the exemptions of stockholders' liability for taxation upon their shares, we have followed a plain and reasonable deduction of the legislative intent, as expressed in its language, and as was doubtless its spirit.

In the language of section 4085, considered alone, is to be found a strong argument upholding our view of its intent; as well as negativing the Commonwealth's theory that all its property must be tax-paid in Kentucky before the stockholders' exemption arises. The statute provides that "the property of all corporations * * * shall be assessed in the name of the corporation in the same manner as that of a natural person, * * * and so long as said corporation pays the taxes on all its property of every kind, the individual stockholders shall not be required to list their shares in said corporation." Now upon what property, reading the statute in its entirety, must the corporation pay its taxes, before the stockholder's exemption arises? The answer is found in the statute itself and means, of course, that the corporation shall pay taxes upon the property "assessed in the name of the corporation." Manifestly, the corporation could not pay taxes in Kentucky upon property assessed in some other State. The section of the statute, therefore, answers itself, and makes its meaning clear, i. e.: when the corporation has paid the taxes on all its property in Kentucky, assessed in its name, the holder of shares of stock in it need not list them for taxation.

The suggestion that this construction of section 4085 carries with it an exemption from taxation of shares of stock, is without merit. That argu-

ment was answered in the Walsh case, when it was remarked that the Legislature, in thus enacting its tax legislation, had laid hold of the substance and ignored its shadow; that when the corporation has paid its taxes on its property in this State, of franchise or other kinds, it has paid on all its property in the State; and that the State has ignored the shares in order to justify the taxing of the property itself, as the latter was the more certain and feasible method of taxation.

We have endeavored to so state the authorities and their relation to this case as to avoid future confusion upon the subject. It is just to the rights of established property that the whole involved subject should be understood once for all. The conclusions reached are easily understood, i. e.: that the holders of shares of stock in domestic or foreign corporations, whether franchise or non-franchise in nature, need not list nor pay taxes upon their shares of stock when the corporation in which the stock is held has paid all taxes due from it, and assessible against it, upon its property located in the State of Kentucky, whether that property be realty, personalty, tangible or intangible, or franchise, in nature.

The judgment of the lower court is affirmed.