## Slater v. Commonwealth.

(Decided October 19, 1915.)

### Appeal from Shelby Circuit Court.

1. Corporations—Taxation—When Individual Stockholder Not Required to List.—Under section 4085 of the Kentucky Statutes, so long as a corporation pays the taxes on all of its property bona fide used in its business in this State the individual stockholder is not required to list his shares in the corporation for assessment and taxation.

2. Corporations—Payment of Taxes by—Section 4085 Ky. Stat.—Section 4085 of the Kentucky Statutes, exempting the shares of stock of a corporation held by individuals, from taxation, so long as the corporation pays the taxes on all of its property in this State, refers to property held by the corporation for corporate purposes in pursuance of the corporate business, and not to property subject to escheat for non-user and incapable of corporate use.

3. Corporations—Foreign Corporations—Taxation—Section 4085 Ky. Statutes.—Where a foreign corporation, doing no business in this State, buys a town lot for the sole purpose of exempting from taxation its shares of stock held by residents of this State, the shares of such corporation so held in this State are not exempt from taxation under section 4085 of the Kentucky Statutes, or otherwise.

4. Commonwealth v. Fidelity Trust Co., 147 Ky., 77, distinguished.

WILLIS, TODD & BOND for appellant.

MATT HOLT and E. H. DAVIS for appellee.

Opinion of the Court by Chief Justice Miller.—
Affirming.

The appellant, Mrs. Mollie P. Slater, resides in
Shelbyville, Ky. She owns 123 shares of the capital
stock of the Long-Bell Lumber Company, a Missouri cor-
poration, with its principal office in Kansas City, of the
par value of $500.00 per share, and 24 shares of the
Minnetonka Lumber Company, likewise a Missouri cor-
poration, of the par value of $100.00 per share.

This action was instituted by the Commonwealth,
through its revenue agent, seeking to subject to taxation
the shares of stock above mentioned for the years 1913
and 1914, and cash in bank amounting to $1,715.00 for
the year 1913, and $150.00 for the year 1914.

The judgment of the lower court was for the Com-
monwealth, and Mrs. Slater appeals.

There is no complaint of that part of the judgment
which taxed the cash in bank for the two years, it being
conceded that Mrs. Slater did then have that much money
on hand. The answer admits that the fair cash value of
Mrs. Slater's stock in the Long-Bell Lumber Company,
at the assessing periods, was its par value of $500.00 per
share, aggregating $61,600.00; and that the fair cash
value of the 24 shares of stock in the Minnetonka Lumber
Company was its par value of $2,400.00.

In August, 1912, the Long-Bell Lumber Company and
the Minnetonka Lumber Company each bought a lot in
Catalpa Court Addition adjoining Shelbyville on the
west, paying $250.00 for each lot. These lots are in a
new, desirable residence portion of the town, and the
deeds therefor contain the following building restric-
tions:

"No outbuildings of any kind shall be erected on the
property hereby conveyed nearer than 35 feet to the pave-
ment line of any street running in front of or on the side
of same, nor shall said property or any part thereof be
sold, or leased, or conveyed to colored persons. It is
further agreed that no residence shall be erected on the
lot hereby conveyed to cost less than $1,500.00, nor shall
any residence be erected thereon nearer than 25 feet to
the pavement line of the street running in front thereof."

Appellant had compromised a suit against her similar to the one now before us, prior to the purchase of the lots by the two Missouri corporations.

The authority to assess these shares of · stock is claimed under section 4085 of the Kentucky Statutes, which reads as follows:

"The property of all corporations, except where herein differently provided, shall be assessed in the name of the corporation in the same manner as that of a natural person, except that, when legally called on, the chief officer shall report a full statement of the property of such corporation for taxation, and, for a failure, shall be subject to the penalties in this article provided; and so long as said corporation pays the taxes on all its property of every kind, the individual stockholders shall not be required to list their shares in said corporation."

Considerable confusion had resulted from the application of this statute, and the constructions that had been given to it, particularly in Commonwealth v. C. & O. Ry. Co., 116 Ky., 951; Commonwealth v. Lovell, 125 Ky., 491; Commonwealth v. Harris, 118 S. W., 294; Commonwealth v. Steele, 126 Ky., 670; Commonwealth v. Ledman, 127 Ky., 603; and Commonwealth v. Walsh, Trustee, 133 Ky., 103.

These cases were carefully reviewed by this court in Commonwealth v. Fidelity Trust Co., 147 Ky., 77, decided February 21st, 1912, with the view of reconciling them, if possible, and laying down a certain rule for future guidance.

In closing that opinion, we said:

"We have endeavored to so state the authorities and their relation to this case as to avoid future confusion upon the subject. It is just to the rights of established property that the whole involved subject should be understood once for all. The conclusions reached are easily understood, i. e.: that the holders of shares of stock in domestic or foreign corporations, whether franchise or non-franchise in nature, need not list nor pay taxes upon their shares of stock when the corporation in which the stock is held has paid all taxes due from it, and assessible against it, upon its property located in the State of Kentucky, whether that property be realty, personalty, tangible or intangible, or franchise, in nature."

In the case at bar appellant answered that each of the Missouri corporations in which she owned the stock

as above recited, owned a lot in Catalpa Court Addition to Shelbyville during the years 1913 and 1914, and that they had paid all the taxes due thereon or demanded by the Commonwealth, thus bringing appellant within the protection of the rule announced in Commonwealth v. Fidelity Trust Co., *supra.*

The Commonwealth insists that these two insignificant lots were bought by the two Missouri corporations at the suggestion of appellant, and for the purpose of relieving her from taxation upon her stock in said two corporations; and, it is evident from the proof that this was the purpose of the purchases.

Appellant insists, however, that the lumber companies had the right to buy these lots, and having bought and paid for them, the purpose or motive of the purchase cannot affect the case; that a bad motive may make a bad case worse, but it cannot make that wrong which, in its essence, is lawful.

In support of this contention, appellant cites Chambers & Marshall v. Baldwin, 91 Ky., 121, and Bourlier Bros. v. Macauley, 91 Ky., 134, which hold, in effect, that an act legal in itself, and which violates no right, cannot be made actionable on account of the motive which induced it; and that the amount and nature of the property owned by the respective lumber companies is immaterial.

The language quoted from the opinion in Commonwealth v. Fidelity Trust Co., *supra,* is very broad and sweeping; it is, indeed, broad enough in its scope, when taken literally, to include this case, and exempt appellant's stock from taxation.

Appellee insists, however, that the statute refers to property held by the corporation for corporate purposes, in pursuance of the corporate business, and not to property subject to escheat for non-user and incapable of corporate use; and, that the language quoted above from Commonwealth v. Fidelity Trust Co. should be qualified so as to limit the rule to that extent.

None of the cases reviewed and criticised in Commonwealth v. Fidelity Trust Co. present the precise question we now have before us. In all of those cases the property of the company upon which the payment of taxes by the corporation operated to relieve the stockholder from taxation upon his shares, was property used by the corporation in its business in this State. The court

was not called upon in any of those cases to consider the case where a corporation owned property in this State which it did not use in its business; and, in our opinion, it is evident from the discussion, and the scope of the opinion in Commonwealth v. Fidelity Trust Co., *supra*, that the rule above quoted therefrom was intended to apply only to cases where the property of the corporation within the State was used in the corporate business.

Under that rule, wherever the corporation owns property within this State, and uses it *bona fide* in its business, be it ever so little or insignificant a proportion of its entire property, the payment of taxes thereon by the corporation exempts the stockholder from taxation upon his stock. But the property must be acquired in good faith, and for the corporate use and purposes, and not for the sole purpose of rendering the stock in the hands of a resident stockholder exempt from taxation. We believe this to be the full meaning of the opinion in Commonwealth v. Fidelity Trust Co., *supra*, when applied to the facts of this case, and that the judgment of the trial court was correct.

Judgment affirmed.