## Commonwealth v. Muir.

## Commonwealth v. Halstead.

(Decided May 30, 1916.)

### Appeals from Nelson Circuit Court.

1. Taxation—Corporations—Payment of Taxes by—Listing Shares by Stockholders.—Under section 4085 of the Kentucky Statutes, so long as a corporation pays the taxes on all of its property bona fide used in its business in this State, the individual stockholder is not required to list his shares in the corporation for assessment and taxation.

2. Corporations—Existence Separate From Officers and Directors.—A corporation is a distinct entity and has an existence separate from its officers and directors, and irrespective of the persons who own its stock.

3. Corporations—Stock of Another Corporation.—A corporation owning all the stock of another corporation does not own the property of the latter corporation.

4. Taxation—Assessment of Shares of Stock of Foreign Corporation.
—Shares of stock in a foreign corporation which owns no prop-
erty of any kind in the State of Kentucky, are not rendered ex-
empt from assessment and taxation in the hands of an individual
owner resident in Kentucky under section 4085 of the Kentucky
Statutes by the fact that the foreign corporation owns substan-
tially all of the stock of another corporation which owned property
in Kentucky and paid taxes thereon.

REDFORD C. CHERRY and M. M. LOGAN, Attorney General,
for appellant.

NAT W. HALSTEAD and OSSO W. STANLEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

These two proceedings were instituted in the Nelson
county court by the Commonwealth through its revenue
agent, under section 4260 of the Kentucky Statutes, for
the purpose of assessing for taxation for the years 1909
to 1913, inclusive, certain shares of the common and pre-
ferred stock in the United States Steel Corporation,
which are owned by the appellees.

The Commonwealth prevailed in the county court;
but upon appeal to the Nelson circuit court, that court
held the shares were not taxable, and dismissed the pro-
ceedings in each case. From those judgments the Com-
monwealth prosecutes these appeals.

The cases were tried upon an agreed statement of
facts, from which it appeared that the United States
Steel Corporation is a New Jersey corporation; that it
paid the taxes on all of its property of every kind, where-
ever situated in the states where such property was
located and assessable for the years mentioned; that it
does not now own and never has owned, or assessed in
its corporate name, any property of any character what-
soever, in the State of Kentucky, either franchise, realty,
personalty, tangible or intangible; that it is and has
been since its organization, what is known as a holding
company, owning much property directly in states other
than Kentucky, and as such holding company it owns
substantially all the stock of numerous subsidiary for-
eign corporations; that two, and only two, of said for-
eign and subsidiary corporations, namely, the American
Bridge Company and the American Steel & Wire Com-
pany, own and hold property in Kentucky in their re-

spective corporate names, and are qualified to do business in Kentucky; that said two last named corporations have paid regularly during the years above mentioned, an annual license fee or tax for such authorization; that said American Bridge Company has no property in the State of Kentucky, and has not had any during the period herein involved, upon which it paid taxes, except at such times as it has undertaken the erection of a bridge or building, in which case its erection plant is brought into the State of Kentucky for such work, and removed therefrom when said work is completed; that said American Steel & Wire Company owned, during the period in question, a warehouse in Louisville, Jefferson county, Ky., in which it has for the last ten years carried a stock of standard steel material; that during the years mentioned said warehouse and contents have been listed for taxation by the American Steel & Wire Company, and the taxes thereon were paid by it to the State of Kentucky; that both of said corporations, the American Steel & Wire Company and the American Bridge Company, are foreign corporations, duly organized as such, holding all their corporate property in their respective names, and that that portion of their corporate property located in Kentucky is, and during the period herein in controversy was, listed and assessed by said two subsidiary corporations in their respective names and the taxes paid to the State of Kentucky by each of them respectively; that substantially all of the capital stock of each of said subsidiary corporations is owned and held by the said United States Steel Corporation, and that the American Bridge Company and the American Steel & Wire Company are under the managements of separate boards of directors. To simplify the discussion, no further mention will be made of the American Bridge Company. The questions raised can be fully discussed upon the case presented by the American Steel & Wire Company, and its relation to the United States Steel Corporation. That is a concrete case and presents appellees' contention in its strongest form.

The right to assess these shares of stock, as well as their exemption from taxation, is claimed under section 4085 of the Kentucky Statutes, which reads as follows:

"The property of all corporations, except where herein differently provided, shall be assessed in the

name of the corporation in the same manner as that of a natural person, except that, when legally called on, the chief officer shall report a full statement of the property of such corporation for taxation, and, for a failure, shall be subject to the penalties in this article provided; and so long as said corporation pays the taxes on all its property of every kind, the individual stockholders shall not be required to list their shares in said corporation.''

Considerable confusion had resulted from the application of this statute, and the constructions that had been given to it in Commonwealth v. C. & O. Ry. Co., 116 Ky. 951; Commonwealth v. Lovell, 125 Ky. 491; Commonwealth v. Harris, 118 S. W. 294; Commonwealth v. Steele, 126 Ky. 670; Commonwealth v. Ledman, 127 Ky. 603, and Commonwealth v. Walsh, Trustee, 133 Ky. 103.

These cases were, however, all carefully reviewed by this court in Commonwealth v. Fidelity Trust Company, 147 Ky. 77, with a view of reconciling them and laying down a certain rule for future guidance. Without repeating that discussion, it is sufficient to say that the result of that examination was stated by the court as follows:

''We have endeavored to so state the authorities and their relation to this case as to avoid future confusion upon the subject. It is just to the rights of established property that the whole involved subject should be understood once for all. The conclusions reached are easily understood, i. e., that the holders of shares of stock in domestic or foreign corporations, whether franchise or non-franchise in nature, need not list nor pay taxes upon their shares of stock when the corporation in which the stock is held has paid all taxes due from it, and assessable against it, upon its property located in the State of Kentucky, whether that property be realty, personalty, tangible or intangible, or franchise, in nature.''

This language is general and sweeping in its nature, and would seem to be incapable of a doubtful meaning. But, in the subsequent case of Slater v. Commonwealth, 166 Ky. 250, a case arose which was not covered by the rule theretofore announced in Commonwealth v. Fidelity Trust Co., supra. In the Slater case, Mrs. Slater claimed that her shares of stock in the Long-Bell Lum-

ber Co. and the Minnetonka Lumber Company, Missouri corporations not doing business in Kentucky, were non-taxable in Kentucky because each of the Missouri corporations owned a building lot in Shelbyville, upon which it had paid all the taxes due thereon, or demanded by this Commonwealth; thus technically bringing Mrs. Slater within the protection of the rule announced in Commonwealth v. Fidelity Trust Co., *supra*.

In the Slater case, however, the Commonwealth insisted that section 4085, *supra*, referred only to property held by the corporation for corporate purposes and in pursuance of the corporate business, and had no application to property subject to escheat for non-user, and incapable for corporate use. This court accepted as correct the view taken by the Commonwealth in the Slater case, and modified the rule theretofore announced in Commonwealth v. Fidelity Trust Co., *supra*, as follows:

"Under that rule, wherever the corporation owns property within this State, and uses it *bona fide* in its business, be it ever so little or insignificant a proportion of its entire property, the payment of taxes thereon by the corporation exempts the stockholder from taxation upon his stock. But the property must be acquired in good faith, and for the corporate use and purposes, and not for the sole purpose of rendering the stock in the hands of a resident stockholder exempt from taxation. We believe this to be the full meaning of the opinion in Commonwealth v. Fidelity Trust Co., *supra*, when applied to the facts of this case, and that the judgment of the trial court was correct."

In order, therefore, to bring these appellees within the operation of the statute so as to exempt their shares in the United States Steel Corporation from taxation, it must be made to appear that the United States Steel Corporation was, during the years mentioned, the owner of tangible property in Kentucky which it had acquired in good faith for its corporate use and purposes, and that it must have paid all taxes due thereon to the Commonwealth for the period in question. The Commonwealth insists, however, that the United States Steel Corporation owned no property in the State of Kentucky during the years mentioned; and, it being admitted that it neither owned nor possessed property or franchise in this State upon which it paid taxes to the State,

the shares therein must be assessed for taxation in the hands of the owner.

On the other hand, in order to bring themselves within the rule which requires a foreign corporation not paying a franchise tax, to own property used in its business in Kentucky and to pay taxes thereon in order to exempt its stock from local assessment, the appellees contend that since the United States Steel Corporation is a mere holding corporation and owns substantially all of the stock of the American Steel & Wire Company (which owned and paid taxes upon its warehouse in Louisville during the years in controversy), the United States Steel Corporation was doing business in Kentucky, during those years, through the agency of its subsidiary corporation the American Steel & Wire Company, and that it owned property in Kentucky and paid taxes thereon, in that way.

We have been cited to quite a number of authorities in support of the proposition that a corporation may act as the agent of another corporation, or of individuals, in carrying on and conducting any kind of business, or holding title to any kind of property, provided the agent corporation is qualified as a corporate entity, under the laws of the local jurisdiction in which it acts; and further, that the ownership of substantially all of the stock of the American Steel & Wire Company by the United States Steel Corporation constituted, in law, an absolute ownership of the subsidiary corporation and its property, by the holding corporation.

While these legal propositions may be accepted as true for many purposes, we fail to see their application to the cases before us. The statute predicates the exemption of the shares of stock upon the fact that the corporation which issued them has paid its taxes on all of its property of every kind, in the State of Kentucky. If, as the appellees contend, the stockholder can go into the business and corporate affairs of every corporation in a proceeding to tax its shares in the hands of the individual owner, and make the taxability of the shares depend upon its corporate relations to other corporations and individuals, there would be endless confusion and uncertainty in the application of the statute to any case.

The nature and character of a corporation is well understood and thoroughly established by a long line of

decisions. A corporation is an entity, and has an existence separate from its officers and stockholders, and irrespective of the persons who own its stock; and, according to Mr. Cook, the inclination of some writers to assimilate a corporation as nearly as possible to a partnership and to apply to corporations the rules applicable to partnerships leads only to confusion and is contrary to the settled rules of law. Cook on Corporations (7th ed.), vol. 1, sec. 6.

See also 1 Thompson on Corp. (2nd ed.), sec. 9; McTighe v. Macon Const. Co., 97 Ga. 1, 33 L. R. A. 800; Van Allen v. Assessors, 3 Wall. 584; Monongahela Co. v. Pittsburg, 196 Pa. St. 25, 79 Am. St. Rep. 685; Moore Hardware Co. v. Towers Hardware Co., 87 Ala. 206.

As an illustration of the rule, Cook, in vol. 3, sec. 709, further says:

"A railroad company owning all the bonds and stock of another company does not own the property of the latter, and cannot sue on a cause of action belonging to the latter, and ordinarily is not liable for its debts."

But, if appellees' theory that the United States Steel Corporation was doing business in Kentucky through its agent the American Steel & Wire Company, the Steel Corporation would be liable for the acts of the Wire Company. But surely that cannot be the law. In Gravel Switch & Little South Tel. Co. v. Lebanon, Louisville & Lexington Tel. Co., 139 Ky. 151, the appellant attempted to hold the Cumberland Telephone & Telegraph Company liable for a breach of contract by the appellee company upon the ground that the Cumberland Company owned all the stock in the appellee company.

But, in denying the liability, this court said:

"The Cumberland Telephone & Telegraph Company is not a party to the contract, and, although it may own all the stock in the Lebanon, Louisville & Lexington Telephone Company, it is not liable for the breach by that company of its contracts. A stockholder in a telephone company is not liable for the obligations of the company."

Again, in City of Louisville v. Louisville Water Co., 26 Ky. L. R. 425, 81 S. W. 698, 1 L. R. A. (N. S.), 766, the Water Company claimed its plant was not liable for city taxes because the city owned all the stock in the Water Company, and that it could not tax its own property.

But, in overruling that contention, the court said:

"It is not true, in law, that the owner of all the stock of a corporation owns the property of the corporation. Dartmouth College v. Woodward, 4 Wheat. 518, 4 L. ed. 629; Fietsam v. Hay, 122 Ill. 293, 3 Am. St. Rep. 492, 13 N. E. 501; People, Ex Rel. Bank of Watertown v. Assessors, 1 Hill 616; State, Ex Rel. Watson v. Standard Oil Co., 49 Ohio St. 137, 15 L. R. A. 145, 34 Am. St. Rep. 541, 30 N. E. 279.    Even if there was not the weight of authority for the last statement, the city would scarcely want to take the full effect of its contention, for if it did, then it would follow that the company's debt was the city's debt; adding the bonded debt of the water company, of about one and one-half millions, to the city's other authorized debt, might operate to invalidate some of its recent bond issues. If, upon a foreclosure of the mortgage upon the water plant, it was insufficient to pay the bonded debt, the city would not care to be bound for the balance because it happened to own all the debtor corporation's stock."

The same doctrine is announced in L. & N. R. R. Co. v. Howard, 15 Ky. L. R. 25; Louisville Gas Co. v. Kaufman, Straus & Co., 105 Ky. 131; Pullman Palace Car Co. v. Missouri Pac. Co., 115 U. S. 587; State v. Morgan's La. & T. R. R. & S. Co., 106 La. 513; Exchange Bank v. Macon County, 97 Ga. 5; Harrington v. Conner, 51 Neb. 219; Watson v. Bonfils, 116 Fed. 157; and State v. Tacoma, &c. Co., 61 Wash. 507. It is only in cases of bogus or dummy corporations where it is necessary to disregard a pretended corporation in order to circumvent fraud, that the courts will ignore the above well established rule as to corporate entity.

This principle, which recognizes the separate entity of a corporation distinct from its shareholders, has more than ordinary significance when considered with reference to matters of taxation. In such matters it is highly important that there should be a plain and simple rule which can be easily understood and applied.

Evidently, the legislature intended that section 4085, *supra*, like all taxing statutes, should be applied in its direct and ordinary meaning, and not made dependent upon the ascertainment of some hidden fact before the assessor could perform his duties. When the statute exempted the shares in the hands of the individual owner so long as the corporation paid the taxes on all its prop-

erty of every kind, it necessarily meant the property to which the corporation held the legal title, and not property over which it might exercise control by reason of its ownership of a majority of the stock in some other corporation which held the legal title. It is the ownership of property, not its control, which determines the taxpayer.

Furthermore, this interpretation of the statute will appear entirely reasonable and proper under the facts of these cases, where the United States Steel Corporation does not own all of the stock of the American Steel & Wire Company, but only "substantially" all of it.

If the rule contended for by the appellees should be accepted, it would apply to every case in which the holding company owned as much as fifty-one per cent of the stock of the subsidiary corporation. But, as we have above seen, the ownership of a majority of the stock in a corporation gives the shareholder no greater right to the property of his corporation, than if he owned thirty per cent of the shares, or less.

We adhere to the rule announced in Slater v. Commonwealth, *supra,* and hold that, under it, the shares owned by the appellees are liable for assessment and taxation.

The judgments of the circuit court will be reversed and the cases remanded with instructions to set aside the judgments appealed from, and to enter judgments conforming to this opinion.