## Ewald's Executor and Trustee v. City of Louisville.

(Decided June 24, 1921.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Judgment—Conclusiveness—Parties and Privies—Taxation—Corporate Stock.—Kentucky Statutes, section 4085, provides that so long as a corporation pays the taxes on all of its property of every kind, the individual stockholders shall not be required to list their shares in said corporation. A corporation owed the Common-

wealth certain taxes for the years 1904, 1905 and 1906. The Commonwealth sued for omitted taxes for those years and recovered judgments which were never modified but were paid. Thereafter, a city of the Commonwealth brought suit against the sole stockholder to recover taxes on his stock for the same years, on the ground that the corporation had not paid all of its taxes for those years. The stockholder pleaded the judgments in bar of the city's rght to recover: Held, that although neither the stockholder nor the city was a party to the actions in which the judgments were rendered, the stockholder was represented by the corporation, and the city, being but an arm and subdivision of the Commonwealth, and its right to collect on the stock being secondary to the Commonwealth's right to collect from the corporation, was represented by the Commonwealth, and that the judgments are conclusive on them and preclude the city from insisting that the corporation omitted other property for the years in question.

2.   Judgment—Res Judicata—Foundation of Doctrine.—The doctrine of res judicata does not depend on the amount due, the amount sued for, or the amount recovered, but rests entirely on the principle that parties and privies ought not to be permitted to litigate the same issue more than once.

3.   Judgment—Conclusiveness—Doctrine that Judgment is Conclusive Against all Persons Represented by the Parties Not Applicable Where Judgment Was Obtained By Fraud or Collusion.—The doctrine that a judgment is conclusive against all persons represented by the parties does not apply where the judgment was obtained by fraud or collusion.

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

JOSEPH LAWTON and WM. T. BASKETT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is the sixth appeal of this case. On the last appeal the judgment was reversed "with directions to the lower court to find (1) whether Ewald's estate should be charged with taxes on the stock owned by him in the Ewald Iron Company; (2) if the court finds it should be, to assess and fix a value on the same." City of Louisville, Ky. v. Fidelity & Columbia Trust Co., Exor., etc., 182 Ky. 551, 206 S. W. 778. On the return of the case the court adjudged that Ewald's estate was liable for taxes to the city of Louisville for the years 1904, 1905 and 1906, on the stock owned by Ewald in the Ewald Iron Company, and fixed the value of such stock for assessment purposes at $842,310.25 for the year 1904, $881,246.70 for the year 1905, and $1,135,849.60 for the year 1906. From that judgment this appeal is prosecuted.

To understand the questions involved it will not be necessary to review the entire litigation, but the following facts will be sufficient: On September 1, 1903, 1904 and 1905, L. P. Ewald was a resident of the city of Louisville and owned all the stock of the Ewald Iron Company, a Kentucky corporation whose principal place of business was in Lyon county, Kentucky.

For the years 1904, 1905 and 1906, the Ewald Iron Company paid taxes on all of its property except certain surpluses on deposit in the banks of St. Louis. These surpluses were as follows: September 1, 1903, $842,-310.25; September 1, 1904, $881,246.70; September 1, 1905, $1,135,849.60, and their taxable situs was in Lyon county.

L. P. Ewald died on July 31, 1909, and the Fidelity & Columbia Trust Company qualified as his executor and trustee.

Section 4085, Kentucky Statutes, provides:

"The property of all corporations, except where herein differently provided, shall be assessed in the name of the corporation in the same manner as that of a natural person, except that, when legally called on, the chief officer shall report a full statement of the property of such corporation for taxation, and, for a failure, shall be subject to the penalties in this article provided; and so long as said corporation pays the taxes on all its property of every kind, the individual stockholders shall not be required to list their shares in said corporation."

The action by the city proceeds on the theory that Ewald was a resident of the city on the assessment dates for the years 1904, 1905 and 1906, and as the corporation did not pay on its St. Louis deposits for those years, Ewald was therefore liable on his individual stock. Besides other defenses not necessary to be considered, the executor pleaded that the Commonwealth and Lyon county brought actions against the Ewald Iron Company in Lyon county styled "J. F. Hahn, Revenue Agent for the State at Large v. Ewald Iron Company," alleging that the Ewald Iron Company omitted certain property for taxation for the years 1904, 1905 and 1906; that thereafter trials were duly had in the Lyon county court and it was adjudged that the Ewald Iron Company had omitted certain property owned by it as of the 1st day of September, 1903, the 1st day of September, 1904, and

the 1st day of September, 1905; that judgments were entered against said Ewald Iron Company on account of said omissions, and thereafter said judgments were satisfied by the payment of said amounts to the Commonwealth of Kentucky and Lyon county, and that none of said judgments had ever been appealed from or vacated or modified in any way, and precluded the city from claiming that the Ewald Iron Company was liable for any further taxes for said years.

We have repeatedly held that the omission of property from an assessment in a given year gives rise to only a single cause of action, and where an action has been brought to have property assessed and a judgment has been rendered therein, the judgment is conclusive, and an action cannot afterwards be brought to assess other property omitted from the same assessment which was not embraced in the first action. Commonwealth v. Bacon, 126 Ky. 30, 102 S. W. 839; Commonwealth v. Churchill, 131 Ky. 251, 115 S. W. 189; Commonwealth v. Helm, 163 Ky. 69, 173 S. W. 389; L. & N. R. Co. v. Commonwealth, 181 Ky. 193, 204 S. W. 94. Under the statute above quoted, an individual stockholder is not liable on his stock so long as the corporation pays taxes on all its property, and we have ruled that where the taxing authority seeks to hold the individual stockholder liable, it must affirmatively appear from the record that it first proceeded against the corporation. Commonwealth v. Steele, 126 Ky. 670, 104 S. W. 687; Commonwealth v. Fidelity Trust Co., 147 Ky. 77, 143 S. W. 1037; Slater v. Commonwealth, 166 Ky. 250, 179 S. W. 201; Commonwealth v. Muir, 170 Ky. 435, 186 S. W. 194. Here the Commonwealth proceeded against the corporation and recovered certain judgments for taxes omitted for the years in question, and these judgments were paid. There can be no doubt, therefore, that if this were a proceeding by the Commonwealth itself to assess the Ewald stock, it would be precluded by the judgments rendered by the Lyon county court from now insisting that there was other property omitted by the corporation from assessment for the years in question, and that the corporation had not, therefore, paid on all of its property. It remains, then, to determine the effect of the judgment so far as the city is concerned. Under the rule of *res judicata*, a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdic-

tion, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first suit remains unmodified.  Stone v. Winn, 165 Ky. 9, 176 S. W. 933; Southern Pacific v. U. S. 168 U. S. 1, 42 L. Ed. 355.  As neither Ewald nor the city was a party to the suits in which the judgments were rendered, the conclusiveness of the judgments depends on whether or not they were privies.  Privity may arise by representation.  Thus, a judgment against a corporation is conclusive against its stockholders in an action to enforce their statutory liability to creditors; and it is also held that a judgment in a garnishment proceeding against a corporation is conclusive in an action against stockholders to reach assets wrongfully withdrawn, as to the fact of indebtedness to the principal debtor and the amount thereof. Calloway v. Glenn, 105 Ky. 648, 49 S. W. 440; Otter View Land Co.'s Receiver v. Bolling's Ex'x, 70 S. W. 834, 24 Ky. L. R. 1157; Farmers Bank v. Ohio River Line Steamboat Co., 108 Ky. 447, 56 S. W. 719; Montgomery v. Whitehead, 40 Colo. 320, 90 Pac. 509, 11 L. R. A. (N. S.) 230, 15 R. C. L. p. 1034.  In Clark & M. Priv. Corporations, sec. 800, p. 2470, the rule is stated:

"It is a well settled rule that a judgment rendered by a court of competent jurisdiction is conclusive, in the absence of fraud or collusion, against the parties to the suit, and against all persons represented by the parties; and it is also well settled that a corporation represents its stockholders in all matters within the scope of its corporate powers transacted in good faith by its officers. In an action against a corporation by a creditor, the stockholders are represented by the corporation, within this principle; and it follows that the judgment rendered against the corporation therein, if the court has jurisdiction, is conclusive upon the stockholders, in the absence of fraud or collusion, in any collateral suits or proceedings against them, in equity or at law, to compel payment of the balance due on their stock."

And in Cook on Corporations, section 209, it is stated:

"The authorities have firmly established the rule that, in the absence of fraud and collusion, judgments against the corporation, if the court had jurisdiction, are

conclusive against the stockholders, as to the validity and
amount of the creditor's claim.''

For a like reason it would seem that a judgment
against a corporation for omitted taxes is conclusive on
the stockholder in a subsequent action to collect taxes
on his individual stock, where his liability depends on
whether or not the corporation has paid taxes on all of
its property. The next question is whether the city was
represented by the Commonwealth. The corporation did
not owe the city any taxes whatever for the years in
question. The only taxes claimed to be omitted were
those due the Commonwealth. Therefore, the city could
not proceed against the corporation. Whether, under the
rule requiring the taxing authority first to proceed
against the corporation, it should have requested the
Commonwealth to take such action, it is not necessary
to decide. As a matter of fact, the Commonwealth, to
which the corporation owed taxes for the years in ques-
tion, if any were due, had the right to proceed and did
proceed against the corporation and recovered the judg-
ments in question. The city being but an arm and sub-
division of the Commonwealth, and its right to collect
on the Ewald stock being secondary to the Common-
wealth's right to collect from the corporation, it seems
to us that the city, though not a party to the actions,
was represented by the Commonwealth, and that the
judgments preclude not only the Commonwealth, but the
city, from now insisting that the corporation omitted
other property for the years in question.

The point is made that the doctrine should not be
applied to the facts of this case because the sums re-
covered were insignificant in comparison with the taxes
due. In reply to this contention it is sufficient to say
that the doctrine of *res judicata* does not depend on the
amount due, the amount sued for, or the amount re-
covered, but rests entirely on the principle that parties
and privies ought not to be permitted to litigate the same
issue more than once.

Another insistence is that the adoption of the rule
in cases of this kind will put it in the power of the cor-
poration and the tax collecting officers to defeat valid
claims for taxes against the stockholders by the entry
of fraudulent or collusive judgments. There need be no
fear of this, however, because an examination of the
authorities herein cited will show that the rule does not

apply where the judgment was obtained by fraud or collusion.

The conclusion makes it unnecessary to discuss the other questions raised.

Judgment reversed and cause remanded with directions to dismiss the petition.